■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP J. HICKEY, Appellant. [714 NYS2d 821] —Carpinello, J. Appeal, by permission, from an order of the County Court of Sullivan County (LaBuda, J.), entered April 11, 2000, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of murder in the second degree and arson in the third degree, without a hearing.

Defendant pleaded guilty to murder in the second degree and arson in the third degree and was sentenced to concurrent prison terms of 25 years to life on the murder conviction and 5 to 15 years on the arson conviction. Upon defendant's appeal following sentencing, this Court rejected defendant's sole contention that the sentence imposed was harsh and excessive and affirmed the judgment of conviction (251 AD2d 748, *lv denied* 92 NY2d 898). Thereafter, defendant moved pursuant to CPL 440.10 (1) (h) to vacate the judgment of conviction on the ground that he received ineffective assistance of counsel during the plea proceeding and the sentencing hearing. County Court denied the motion without a hearing, finding that defendant's failure to raise these arguments at sentencing or in the context of his direct appeal was fatal. Defendant appeals.

We reject defendant's contention that County Court erred in summarily denying his motion pursuant to CPL 440.10 inasmuch as the issue of whether counsel's alleged deficiencies constituted ineffective assistance could be properly resolved based upon the contents of the record and the motion papers. With respect to defendant's claim that counsel was ineffective because he failed to move to withdraw defendant's guilty plea, County Court correctly concluded that this matter is not appropriately raised in a CPL 440.10 motion because it could have been resolved in the context of defendant's direct appeal from the judgment of conviction (*see,* CPL 440.10 [2] [c]; *People v Wong,* 256 AD2d 724, *lv denied* 93 NY2d 903).

As for defendant's contention that counsel knew that defendant was allegedly under the influence of medication at the time of the plea and encouraged him to lie during the plea allocution, these arguments are based upon evidence dehors the record and may be properly raised for the first time in the context of a CPL 440.10 motion (*see, People v Magee,* 263 AD2d 763, 766; *People v Henderson,* 259 AD2d 234, 237, *lv denied* 94

NY2d 948). Notwithstanding our disagreement with County Court's rationale for rejecting this portion of defendant's argument, we nonetheless find that summary denial of defendant's motion was warranted (*see, People v Ertel,* 147 AD2d 728, 729, *lv denied* 74 NY2d 739). Defendant failed to demonstrate that counsel engaged in any of the conduct charged. His own conclusory assertions and the allegations contained in the affidavits of his mother and girlfriend, even if deemed to be true, are inadequate to establish that counsel's conduct rose to the level of ineffective assistance (*see, People v Loomis,* 256 AD2d 808, *lv denied* 93 NY2d 854; *People v Jackson,* 240 AD2d 946, 947, *lv denied* 90 NY2d 940). Under these circumstances, defendant failed to raise a sufficient question of fact requiring a hearing on his motion to vacate the judgment of conviction.

Mercure, J. P., Spain, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed.