■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CECIL MOORE, Appellant. [715 NYS2d 723] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered October 9, 1998, convicting him of criminal possession of marihuana in the second degree, upon a jury verdict, and imposing sentence. The appeal brings

up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant moved to suppress evidence seized as the result of a traffic stop of the car he was driving and the subsequent search of the car. The hearing court denied suppression, but did not issue findings of fact, conclusions of law, and the reasons for its determination. Under this Court's power to make determinations of fact and law (*see,* CPL 470.15), the proof before the hearing court established the following:

On June 20, 1997, Trooper James Peacock observed a Nissan motor vehicle traveling westbound on Route 17 in the Town of Blooming Grove. After observing the Nissan veer into the passing lane, and after pacing its speed at 74 miles per hour, Peacock directed the driver to pull the vehicle over for executing an unsafe lane change and for speeding. Peacock exited his vehicle and approached the driver's side of the Nissan. After leaning into the driver's side window to talk to the driver, who was the defendant, Peacock detected "a strong odor of marihuana." Peacock further noticed that the defendant had impaired speech and motor coordination.

After obtaining conflicting stories from the defendant and his passenger as to how long the two had been in New York City, and after the passenger indicated that the defendant had smoked marihuana earlier that day, Peacock requested backup help. Several more troopers arrived at the scene. Peacock and another trooper with a so-called "K-9" dog asked the defendant if they could search the Nissan, and the defendant consented. The search revealed a green, leafy substance.

On the basis of this record, we conclude that Trooper Peacock had adequate justification for stopping the defendant's vehicle after he observed violations of the Vehicle and Traffic Law (*see, People v Alcide,* 252 AD2d 591). Further, upon smelling marihuana and noticing the defendant's impaired speech and motor coordination, the officers were justified in further detaining him and requesting consent to search his vehicle (*see, People v Noonan,* 220 AD2d 811; *People v Brito,* 244 AD2d 631). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. Krausman, J. P., Florio, Luciano and Schmidt, JJ., concur.