■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN RAMGEET, Appellant. [717 NYS2d 5] —Order, Supreme Court, Bronx County (Frank Torres, J.), entered January 31, 2000, which granted defendant's motion pursuant to CPL 440.10 to vacate a judgment, same court and Justice, rendered November 12, 1999, convicting defendant of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds and sentencing him to concurrent terms of 1 to 3 years, 1 to 3 years and 2 to 6 years, unanimously reversed, on the law, motion denied and the judgment reinstated.

Defendant was sentenced on November 12, 1999 and filed a timely notice of appeal. With the appeal pending, defendant moved to vacate his conviction pursuant to CPL 440.10 on the grounds that trial counsel was ineffective, that inadmissible evidence was admitted and that the jury had been improperly charged. That motion was improperly granted since the court relied on matters appearing on the record in vacating the conviction, defendant's appeal was pending and there were sufficient facts in the record to permit adequate review upon appeal (CPL 440.10 [2] [b]; *see also, People v Swackhammer*, 260 AD2d 939, 941, *lv denied* 93 NY2d 1028).

In any event, review of the record reveals that defendant received meaningful representation. Defense counsel made pretrial motions, discussed the case with defendant, reviewed the possibility of a plea bargain, prepared him to testify, presented coherent opening and closing arguments, made relevant objections and vigorously cross-examined the undercover officer. Even though defendant and the trial court disagreed with counsel's judgment to not call a particular witness, there were several legitimate strategic reasons for counsel's decision. Accordingly, defendant received meaningful representation (*People v Benevento*, 91 NY2d 708, 713). Concur—Lerner, J. P., Andrias, Saxe, Buckley and Friedman, JJ.