■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS VEGA, Appellant. [717 NYS2d 315] —Appeal by the defendant from a judgement of the Supreme Court, Queens County (Schulman, J.), rendered June 29, 1998, convicting him of burglary in the second degree, criminal mischief in the fourth

degree, possession of burglar's tools, and criminal possession of stolen property in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Browne, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

After the defendant was indicted for burglary in the second degree (see, Penal Law § 140.25 [2]) and related crimes, he moved, inter alia, to suppress identification testimony. The hearing court denied the motion, but did not issue findings of fact or conclusions of law. Under this Court's power to make determinations of fact and law (see, CPL 470.15; *People v Moore*, 277 AD2d 254), we find that the testimony at the hearing established the following:

On January 9, 1998, at approximately 1:25 P.M., Police Officer James Fitzpatrick and his partner responded to a radio report of a burglary in progress at a house. When they arrived at the house, they were met by a neighbor who had called the police emergency telephone number after observing a man walking back and forth in front of the house and then down the driveway toward the backyard. While on the telephone with the police emergency telephone operator, he heard glass breaking and could no longer see the man in the backyard.

After speaking with the neighbor, Officer Fitzpatrick and his partner went to the back of the house and noticed that a glass pane on the back door was broken. While searching the house, they found a man, later identified as the defendant, lying on the floor in the attic covered by a garbage bag. The defendant was wearing gloves and was holding a duffle bag containing various tools.

Officer Fitzpatrick and his partner arrested and handcuffed the defendant and brought him to the backyard. While his partner and another officer who had arrived at the scene stayed with the defendant, Officer Fitzpatrick brought the neighbor through the house to a window overlooking the backyard. Officer Fitzpatrick asked the neighbor if he recognized anyone and the neighbor identified the defendant as the man he had previously seen outside the house.

The defendant contends that the showup was unduly suggestive and that there was no justification for conducting a showup identification procedure because he had already been arrested. Contrary to his contention, the showup was not unduly suggestive. The defendant was promptly identified by the neighbor at the scene of the crime immediately after his arrest. The circumstances of the identification did not create a substantial

likelihood of misidentification in this case (*see, People v Duuvon*, 77 NY2d 541; *People v Blunt*, 276 AD2d 495). The defendant's contention that the circumstances did not justify the use of a showup identification procedure is unpreserved for appellate review. In any event, his contention is without merit (*see, People v Duuvon, supra; People v Harris*, 203 AD2d 98). Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony.

Contrary to the defendant's contention, his sentence was not excessive (*see, People v Suitte*, 90 AD2d 80).

The contentions in the defendant's supplemental *pro se* brief are either unpreserved for appellate review or were forfeited by his plea of guilty. In any event, those contentions are without merit. O'Brien, J. P., Santucci, H. Miller and Schmidt, JJ., concur.