■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RIMELL MITCHELL, Appellant. [736 NYS2d 269] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered January 5, 2000, convicting him of murder in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Browne, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant contends that the matter should be remitted to the Supreme Court, Queens County, for a new suppression hearing as the Justice who presided at the hearing, and who is now deceased, failed to issue findings of fact and conclusions of law sufficient for appellate review (*see,* CPL 710.60 [6]), and the conflicting testimony presented a credibility issue which cannot be resolved on this record. This Court, however, has the authority to make determinations of fact and law where the hearing record is sufficient (*see,* CPL 470.15; *People v Moore,* 277 AD2d 254; *People v Leon,* 264 AD2d 784). Upon our review of the testimony, the colloquy, and the parties' closing argu-

ments, we conclude that the hearing court, in denying suppression, necessarily credited the testimony of the People's witnesses.

The hearing court properly rejected the defendant's argument that the police did not have probable cause to arrest him, as he was implicated by his codefendant in two armed robberies and a homicide. Furthermore, the defendant's contention that he was arrested without a warrant in his home in violation of *Payton v New York* (445 US 573) is without merit, as the evidence established that the defendant was lawfully arrested as part of a continuous pursuit by the police which originated in a public place (*see, People v Harris,* 193 AD2d 757). "[A] criminal suspect may not thwart an otherwise proper arrest which has been set in motion in a public place by retreating into his residence" (*People v Thomas,* 164 AD2d 874).

The evidence also established that the defendant was properly advised of his *Miranda* rights (*see, Miranda v Arizona,* 384 US 436) and that his statements to the police were voluntarily made. Suppression, therefore, was properly denied. Santucci, J.P., Florio, O'Brien and Schmidt, JJ., concur.