■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDY DOVER, Appellant. [742 NYS2d 883] —Appeals by the defendant from (1) a judgment of the County Court, Nassau County (Kowtna, J.), rendered February 11, 1997, convicting him of criminal sale of a controlled substance in the third degree (four counts), criminal possession of a controlled substance in the third degree (six counts), criminal possession of a weapon in the first degree (two counts), and criminal possession of a weapon in the third degree (five counts), upon a jury verdict, and imposing sentence, and (2) a resentence of the same court, imposed June 4, 1997.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDY DOVER, Appellant. [743 NYS2d 501] —Appeal by the defendant, by permission, from an order of the County Court, Nassau County (Kowtna, J.), dated November 1, 1999, which denied his motion pursuant to CPL article 440 to vacate a judgment of conviction rendered February 11, 1997.

Ordered that the order is affirmed.

The County Court denied the defendant's motion to vacate his judgment of conviction without setting forth its findings of fact, conclusions of law, and reasons for its determination as required by CPL 440.30 (7). Ordinarily, the appropriate disposition in such circumstances is to hold the appeal in abeyance, and remit the matter to the County Court, for the determining judge to provide those findings conclusions and reasons (see *People v Williams,* 184 AD2d 608; *People v Brown,* 66 AD2d 785). However, former Judge Kowtna is no longer on the bench. Thus we may not remit this matter to him to provide his findings or reasons, nor may it be remitted to any other justice for that purpose.

CPL 710.60 (6), in dealing with motions to suppress evidence, concludes with the identical language used in CPL 440.30 (7) that "[r]egardless of whether a hearing was conducted, the court, upon determining the motion, must set forth on the record its findings of fact, its conclusions of law and the reasons for its determination." When suppression motions are decided without the requisite findings and conclusions, this Court routinely makes such findings pursuant to CPL 470.15 (1), which gives us the power to make determinations of fact and law (*see People v Mitchell,* 290 AD2d 518; *People v Vega,* 278 AD2d 346; *People v Moore,* 277 AD2d 254; *People v Aponte,* 249 AD2d 553; *People v Neely,* 219 AD2d 444). Inasmuch as the record is sufficient to enable us to intelligently review the order denying the defendant's motion, we make the following findings of fact and conclusions of law.

The defendant was arrested following his fourth sale of cocaine to an identified confidential informant who was cooperating with Long Beach police. Each transaction was conducted inside the informant's home, each transaction was videotaped, and each was witnessed by an undercover detective, who vouchered the cocaine immediately after the defendant's departure. After the defendants arrest, a search warrant was executed at the defendant's home resulting in the discovery of, among other things, additional quantities of cocaine, drug paraphernalia, weapons, and explosives.

The defendant was convicted, upon a jury verdict, of four counts of criminal sale of a controlled substance in the third degree, six counts of criminal possession of a controlled substance in the third degree, two counts of criminal possession of a weapon in the first degree, and five counts of criminal possession of a weapon in the third degree. We affirmed the judgment of conviction and the amended sentence (*see People v Dover,* 294 AD2d 594 [decided herewith]). The defendant also made two prior motions for postjudgment relief pursuant to CPL 440.10, both of which were denied.

On his present motion, the defendant contends, among other things, that he is entitled to a new trial because he was denied the effective assistance of counsel. Specifically, he avers that his trial counsel inadvisedly eschewed a defense of entrapment. The second assignment of error in his motion is based upon counsel's alleged failure to controvert a warrant authorizing the search of his home. Finally, the defendant raises a catchall ineffective assistance claim in which he argued that the "totality of the circumstances" demonstrated counsel's ineffectiveness.

As to the defendant's first argument, the County Court properly denied the motion without a hearing on procedural grounds. The defendant's alleged entrapment defense is based largely upon matters in the trial record. As such, the defendant could have raised his ineffective assistance claims, based upon counsel's alleged failure to raise an entrapment defense, on his direct appeal (*see* CPL 440.10 [2] [c]). His inexcusable failure to do so precludes him from raising these claims on this motion. Moreover, the defendant could have raised this issue on his prior motions (*see* CPL 440.10 [3] [c]).

The defendant's second claim is that his attorney was ineffective for failing to challenge the confidential informant's reliability and basis of knowledge insofar as police obtained the search warrant on the strength of the information provided by the informant. However, the defendant unsuccessfully raised this very claim on his direct appeal and thus it may not be raised on this motion (*see* CPL 440.10 [2] [a]).

Finally, the defendant's third "catchall" argument lacks an adequate basis in fact, as it merely recites boilerplate arguments of law that have not been related to the facts of this case. In any event, even if the defendant's claims were not procedurally barred, it is evident that the defendant's conviction rested on the strength of the truly overwhelming weight of the evidence, and not upon counsel's alleged ineffectiveness.

The defendant's remaining contentions are without merit. Prudenti, P.J., Santucci, S. Miller and Friedmann, JJ., concur.