Claude HOLLAND, Petitioner–
Appellant,

v.

Frank E. IRVIN, Respondent–Appellee.

No. 98–3728.

United States Court of Appeals,
Second Circuit.

Aug. 28, 2002.

---

Perry S. Reich, Lindenhurst, NY, for appellant.

Johnnette Traill, Assistant District Attorney (Richard A. Brown, Queens County District Attorney, John M. Castellano, Assistant District Attorney, on the brief), Kew Gardens, NY, for appellee.

Present POOLER, KATZMANN, Circuit Judges, and DAVID N. HURD, District Judge.*

## SUMMARY ORDER

On a retrial ordered by this court as a result of a prior habeas corpus petition, *Holland v. Scully*, 797 F.2d 57, 70 (2d Cir.1986), a jury sitting in New York State Supreme Court, Queens County, convicted Holland of second-degree murder.

Prior to perfecting a direct appeal, Holland filed a motion to vacate his conviction pursuant to New York Criminal Procedure Law § 440.10, claiming among other things that his trial counsel had been ineffective. After the People filed responsive papers, Holland submitted a supplemental affidavit in which he claimed for the first time that his trial counsel's performance was deficient because counsel failed to challenge effectively the prosecution's peremptory dismissals of several African-American jurors. Holland said:

> [T]he trial record shows that despite [trial counsel's] obvious awareness that ADA Kelly used 6 out of 8 of his peremptory challenges to excuse 6 out of 7 Black potential jurors during jury selection, and despite [trial counsel's] obvious view that this violated my Constitutional Rights under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) (T: 1/6/88: 8–11), counsel made no motion for a mistrial or to require the ADA to give non-racial explanations for the excusals. In fact, [defense counsel] waited until after the court recessed overnight from 1/5/88 to 1/6/88 before even bringing this matter to the court's attention; and then counsel only made application for the court to require the ADA *from that point on* to provide a Non Racial reason for challenging any further Black veniremen. (T: 1/5/88: 7; T: 1/6/88: 8–9.

New York State Supreme Court Justice John J. Leahy denied Holland's application, explaining with regard to Holland's ineffective assistance claim that it "is not the proper subject of a motion to vacate judgment and is denied. C.P.L 440.10(2)(b)."

Section 440.10(2)(b) of the Criminal Procedure Law requires a court to deny a motion to vacate when "[t]he judgment is, at the time of the motion, appealable or pending on appeal, and sufficient facts appear on the record with respect to the ground or issue raised upon the motion to permit adequate review thereof upon such an appeal."

The People opposed Holland's subsequent motion for leave to appeal the Supreme Court's Section 440.10 order, alleg-

---

* The Honorable David N. Hurd, District Judge of the United States District Court for the Northern District of New York, sitting by designation.

ing that "the issue is preserved in the trial record and can be attacked on a direct appeal and thus is not a proper basis for a 440.10 motion." The New York Appellate Division, Second Department, denied Holland's request.

New counsel represented Holland on his direct appeal. Appellate counsel raised seven issues including a *Batson* challenge, and Holland submitted a pro se supplemental brief in which he made six arguments. Neither appellate counsel nor Holland argued that trial counsel had been ineffective in making his *Batson* argument. The Appellate Division affirmed Holland's conviction, finding that the *Batson* issue had not been preserved for appellate review because (1) defense counsel did not object to the prosecutor's use of peremptory challenges until after the prosecutor had excused six out of seven prospective African–American jurors; (2) at that point defense counsel only asked that the prosecutor provide race neutral explanations for any future challenges; and (3) defense counsel did not question the prosecutor's expressed reason for excusing another African American juror. *People v. Holland,* 179 A.D.2d 822, 578 N.Y.S.2d 917, 919 (2d Dep't 1992).

Appellate counsel requested leave to appeal from the New York Court of Appeals. Holland supplemented this request with a letter in which he argued that his *Batson* claim was not preserved for review because his trial counsel was ineffective. The chief judge of the Court of Appeals denied leave to appeal. *People v. Holland,* 79 N.Y.2d 1050, 584 N.Y.S.2d 1018, 596 N.E.2d 416 (N.Y.1992).

Holland subsequently submitted a motion seeking relief from his sentence to the trial court. This motion was denied on March 17, 1997, and leave to appeal to the Appellate Division also was denied.

On July 7, 1997, Holland filed a petition for a writ of habeas corpus. His petition contained several claims including one based on *Batson,* but Holland did not claim ineffective assistance of counsel. In support of a motion seeking appointment of counsel, Holland alleged that the ineffective assistance of his trial counsel caused the Appellate Division to find his *Batson* issue had not been preserved.

On September 22, 1998, the district court denied Holland's petition. Judge John Gleeson found Holland's *Batson* claim to have been procedurally defaulted and held that "[e]ven assuming that petitioner could establish cause, ... he cannot establish prejudice or a fundamental miscarriage of justice."

We granted Holland a certificate of appealability limited to the issues of cause and prejudice for Holland's failure to preserve the *Batson* claim.

On appeal, Holland argues (1) that he established cause for his conceded default in raising the *Batson* issue by alleging ineffective assistance of counsel in his Section 440.10 motion and on his application for leave to appeal and (2) prejudice should be presumed because a *Batson* error is structural.

We review *de novo* a district court's denial of a writ of habeas corpus. *Galarza v. Keane,* 252 F.3d 630, 635 (2d Cir.2001). A habeas petitioner who fails to meet state requirements for presenting a constitutional claim will be barred from relying on that claim in district court absent a showing of cause and prejudice or a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000). Although the petitioner may establish cause by demonstrating the ineffectiveness of his counsel, he must first present the ineffective assistance contention to the state courts following the rules of those courts as an in-

effective assistance claim is itself an independent constitutional claim. *Id.* at 452–53; *Reyes v. Keane,* 118 F.3d 136, 140 (2d Cir.1997).

New York requires convicted defendants who have an appeal pending or who still can appeal to present all record-based claims in their direct appeal. N.Y.Crim. Proc. L. § 440.10(2)(b). Holland's ineffective assistance of counsel claim was squarely based on the record; he neither submitted additional proof nor alleged that he had additional proof of his trial counsel's ineffectiveness. Thus, the Section 440.10 court correctly denied Holland's motion to vacate, holding that Holland must raise his ineffective assistance claim on direct appeal. Because Holland then did not include an ineffective assistance claim on direct appeal, for which he was represented by different counsel, he cannot establish cause. *See Reed v. Ross,* 468 U.S. 1, 10–11, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984) (holding that petitioner's failure to raise issue on direct appeal, as required by North Carolina rule would bar habeas relief absent cause and prejudice even though petitioner raised this claim in a post-conviction motion).

However, Holland contends that Section 440.10 does not bar his claim because New York courts do not uniformly apply it to bar ineffective assistance of counsel claims. *See Ford v. Georgia,* 498 U.S. 411, 423–24, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991). This argument lacks merit. New York courts do not apply the bar to many ineffective assistance of counsel claims because extra-record evidence is necessary to develop them. *See People v. Brown,* 45 N.Y.2d 852, 410 N.Y.S.2d 287, 287, 382 N.E.2d 1149 (N.Y.1978) (stating that ineffective assistance of counsel claim ordinarily should be brought in collateral proceeding prior to direct appeal because of necessity to develop evidence). New York

also does not bar Section 440.10 proceedings premised on ineffective assistance of trial counsel where the defendant is represented by the same counsel at trial and on appeal. *Cf. Moseley v. Scully,* 908 F.Supp. 1120, 1128 (E.D.N.Y.1995) (holding that failure to raise an ineffective assistance claim on direct appeal would not bar a later Section 440.10 motion when defendant was represented by the same counsel at trial and on direct appeal and citing *People v. Harris,* 109 A.D.2d 351, 491 N.Y.S.2d 678 (App.Div.1985)), *aff'd,* 104 F.3d 356 (2d Cir.1996). However, where, as here, the facts underlying the defendant's ineffective assistance claim are on the record and defendant has different counsel on appeal, New York courts require the defendant to make his ineffective assistance claim on appeal. *See People v. Dover,* 294 A.D.2d 594, 743 N.Y.S.2d 501, 503 (2d Dep't 2002) (affirming County Court's denial of a motion made pursuant to Criminal Procedure Law § 440.30(7) based on ineffective assistance of counsel because defendant failed to raise record-based claim on direct appeal); *People v. Ramgeet,* 277 A.D.2d 52, 717 N.Y.S.2d 5, 5 (1st Dep't 2000) (holding that trial court improperly granted Section 440.10 motion on ineffective assistance of counsel because it relied solely on matters in the record); *People v. Hickey,* 277 A.D.2d 511, 714 N.Y.S.2d 821, 822 (3d Dep't 2000) (holding that County Court correctly decided that ineffective assistance of counsel claim was not a proper subject for a Section 440.10 motion because it could have been addressed on direct appeal). Because there is no evidence that New York fails to apply Section 440.10(b)(2) uniformly to situations in which an ineffective assistance of counsel claim is based on the record and defendant is represented by new counsel on appeal, Holland's argument that the state court erred in finding that his ineffective

assistance claim was barred under Section 440.10(2)(b) fails.

Nor did Holland fairly present his ineffective assistance of counsel claim to the state courts by mentioning it in his application for leave to appeal. *See Castille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). Because Holland did not fairly present his ineffective assistance of counsel claim to the state courts, he cannot show cause for the procedural default of the *Batson* claim.

Having found that Holland failed to demonstrate cause for his default, we have no occasion to consider the issue of prejudice.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**