■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS KING, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered December 12, 1989, convicting him of attempted murder in the second degree and assault in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with the defendant's claim that the prosecutor injected the issue of her own credibility into the trial when she questioned a defense witness as to whether he had told her about threats made to him while he was in jail. Inasmuch as the witness agreed with virtually every question the prosecutor posed, and the prosecutor never disputed the witness's recollection, the prosecutor's credibility never became an issue at trial *(see generally, People v Paperno,* 54 NY2d 294, 300; *cf., People v Bailey,* 58 NY2d 272, 274; *People v Blake,* 139 AD2d 110).

We also reject the defendant's argument that the court should have issued a limiting instruction regarding the evidence of those threats. It is settled that testimony that a defendant has threatened a witness is admissible on the ground that it " 'has some tendency to prove a consciousness of guilt' " *(People v Whaley,* 144 AD2d 510; *see, People v Griffin,* 126 AD2d 743, 744). Where the threats are not attributable to the defendant, the court must instruct the jury that such evidence is admissible only to demonstrate the witness's state of mind or to explain prior inconsistent statements *(see, People v Rivera,* 160 AD2d 267, 271). In the instant case, however, the record plainly supports the conclusion that the threats were attributable to the defendant. Accordingly, any limiting instruction was unnecessary.

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Bracken, Harwood and Balletta, JJ., concur.