■ **THE PEOPLE OF THE STATE OF NEW YORK,** Respondent, v **MORDECHAI LEVY,** Appellant.—Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered April 11, 1991, convicting defendant, after a jury trial, of assault in the first degree and sentencing him to a term of imprisonment of 1½ to 4½ years, unanimously affirmed. The matter is remitted to the Supreme Court, New York County for further proceedings pursuant to CPL 460.50 (5).

Evidence at trial was that the three complainants arrived at defendant's three-story apartment building to serve legal papers on defendant. Defendant and one of the complainants had been feuding for years, exchanging many angry words interspersed on occasion with gestures and blows. Unable to gain entry to the building by banging and kicking at the fortified doorway, the complainants shouted for defendant to come out as they "had something for him," and threw pebbles at his window.

Just as the complainants turned to leave the scene, defendant appeared on the roof of the building with a rifle and began to shoot toward them and the public street. Six of his shots hit a van parked at the curb. One bullet pierced the knee of a man sitting in the van's passenger seat, causing serious physical injury. Defendant offered a justification defense for his actions, citing past violent and/or terrorist activities attributed to certain of the complainants that led him to believe a longtime feud had culminated in the appearance of the complainants outside defendant's home to kill him.

Viewing this evidence in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), defendant's guilt of assault in the first degree, as charged, was overwhelmingly established *(People v Bleakley,* 69 NY2d 490). The jury's rejection of the justification defense is reasonable and will not be disturbed by this Court *(see, e.g., People v Goetz,* 68 NY2d 96, 115).

Defendant's claim that the trial court deprived him of the right to present a full defense of justification is belied by the record, which indicates admission of an abundance of independent evidence tending to corroborate the defense. A review of the various additional items of evidence offered by defendant as corroborative of the justification defense indicates that the trial court appropriately exercised its discretion in denying admission thereof as cumulative, and/or remote in time to the incident in question, and/or irrelevant to defendant's perception of an immediate danger at the time of the shooting *(see, People v Miller,* 39 NY2d 543, 552-554).

Contrary to defendant's argument, the trial court's repeated instructions to the jury that the corroborative evidence introduced was to be considered only with respect to the issue of the reasonableness of defendant's apprehensions at the time of the shooting, and that the character of the complainants and their specific past violent acts were not otherwise relevant to the issues before them, appropriately conveyed the applicable legal principles *(supra,* at 552).

We have considered defendant's additional arguments and find them to be without merit. Concur—Sullivan, J. P., Carro, Milonas, Wallach and Kupferman, JJ.