■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL ORTIZ, Appellant. [621 NYS2d 576] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered July 15, 1992, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and seventh degrees, and sentencing him, as a second felony offender, to concurrent terms of 10 to 20 years, 10 to 20 years, and 1 year, respectively, unanimously affirmed.

The person the police claimed to have observed buying a vial of crack from defendant testified on direct examination that defendant had merely loaned her $2 to buy the crack from two other persons who were standing nearby, one of whom discarded the pouch containing 70 vials of crack that the police claimed they recovered from defendant upon his

arrest. On cross-examination, when the prosecutor asked this witness whether, after her misdemeanor possession case was concluded, she ever told anybody "that the police had arrested the wrong guy", defense counsel made a general objection, which was overruled, and the witness answered "No". There was no further cross or redirect examination on the subject of the witness's silence.

Defendant's claim that he was denied a fair trial by this question and answer was not preserved by counsel's general objection *(see, People v Dawson,* 50 NY2d 311, 324), and in any event is without merit. The question was brief, did not suggest that the witness had a "flawed moral character" or was "generally unworthy of belief", and no curative instructions were requested *(supra,* at 318, 322-323). And, concerning the prosecutor's comment during summation on the witness's silence, here there was no objection at all and again the reference was brief.

We consider the sentences not unduly harsh in view of defendant's extensive prior record. Concur—Sullivan, J. P., Wallach, Kupferman and Ross, JJ.