■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNEL JACKSON, Also Known as CORNELL JACKSON, Appellant. [625 NYS2d 218] —Judgment, Supreme Court, New York County (Juanita Bing Newton, J.), rendered October 18, 1993, which convicted defendant, after a jury trial, of robbery in the third degree and grand larceny in the fourth degree, and sentenced him, as a second felony offender, to concurrent terms of 3½ to 7 years and 2 to 4 years, respectively, unanimously affirmed.

Defendant grabbed the victim from behind, threw him against a fence, and robbed him of two dollars, claiming that the victim owed him money.

Defendant argues that the court erred in admitting testimony that he used crack in the victim's apartment since it unfairly placed his prior criminality before the jury. Contrary to this contention, defense counsel's cross-examination of the victim with respect to whether he and defendant had ever spent time together, whether the victim had used drugs, and whether the victim had ever "specifically" borrowed six dollars from defendant raised the issue of whether or not there was drug use in the victim's apartment, which gave the jury the unfavorable impression that the victim borrowed money from defendant to purchase crack, and thus opened the door to the prosecutor's redirect of the victim eliciting the testimony about which defendant complains.

Defendant contends that the prosecutor improperly interrogated the defense witness about her failure to come forward to the police and the prosecutor with her exculpatory version of the robbery. Defendant only raised general objections to this line of inquiry and these objections were insufficient to preserve defendant's current claim *(People v Perez,* 159 AD2d 219, 220, *lv denied* 76 NY2d 740). Were we to reach the issue in the interest of justice, we would find it to be without merit inasmuch as the prosecutor laid the proper foundation for such inquiry by demonstrating that the witness knew about the robbery charge two months before trial, was sufficiently knowledgeable as to how to relay this information to the proper authorities, had been friendly with defendant, and was aware that she possessed exculpatory information *(People v Dawson,* 50 NY2d 311, 321).

Defendant claims that the prosecutor distorted the issue of the witness's credibility and unfairly commented on defendant's character during summation. These claims are largely unpreserved. In any event, were we to review defendant's contentions, we would nevertheless find that arguments made by the prosecutor were not improper.

Nor do we find that the court abused its discretion in imposing sentence. Concur—Ellerin, J. P., Rubin, Asch, Nardelli and Mazzarelli, JJ.