■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON THOMPSON, Appellant. [650 NYS2d 825] —Spain, J. Appeal from a judgment of the County Court of Schenectady County (Moynihan, Jr., J.), rendered August 31, 1993 and October 5, 1993, upon a verdict convicting defendant of the crime of murder in the second degree.

Defendant was indicted as a juvenile offender on two counts of murder in the second degree (intentional murder [Penal Law § 125.25 (1)] and depraved indifference to human life murder [Penal Law § 125.25 (2)]). The indictment stems from an incident which began with a discussion between defendant and Sam Frasier (hereinafter decedent) which took place March 31, 1992 at the corner of Craig Street and Lincoln Avenue in the City of Schenectady, Schenectady County, and ended a short while later on the porch of a house at 819 Lincoln Avenue. There, while a group of people stood watching from the street, defendant allegedly pulled an automatic handgun and shot decedent twice; decedent died as a result of the gunshot wounds. Following a trial, defendant was convicted on the second murder count, depraved indifference to human life, and

acquitted on the first count, intentional murder; he was sentenced as a juvenile offender to an indeterminate term of imprisonment of nine years to life. Defendant appeals.

We affirm. Initially, we reject defendant's contention that his statutory right to be present at all material stages of his trial (*see*, CPL 260.20) was violated by his absence from four sidebar conferences with individual prospective jurors during jury selection. As recently set forth by the Court of Appeals in *People v Roman* (88 NY2d 18), a defendant's absence from a sidebar involving a prospective juror where the juror is ultimately peremptorily challenged by the People does not require reversal (*supra*, at 28). "His presence 'cannot reasonably be said [to have afforded him] any potential for * * * meaningful input' on the *prosecution's* decision to excuse [those jurors]" (*People v Roman, supra*, at 28, quoting *People v Favor*, 82 NY2d 254, 268). In the instant matter the record reveals that the four venire members were all peremptorily challenged by the People and, hence, defendant's absence from that part of the trial did not expose defendant to any real or potential prejudice (*see, People v Roman, supra*; *People v Favor, supra*).

Next, we also reject defendant's contention that County Court erred by allowing, over objection, the prosecutor's inquiry on cross-examination into defense witness Johnta Terry's failure to disclose exculpatory evidence while being interviewed in the prosecutor's office prior to the trial. Significantly, the circumstances surrounding Terry's exculpatory evidence are not merely the failure of a witness to come forward with crucial evidence, but also his inconsistent statement given both orally and in writing to the prosecutor on the eve of trial. Such an inconsistency suggests a recent fabrication and is a proper area for cross-examination concerning the issue of the witness's credibility (*see*, Richardson, Evidence § 213, at 188-189 [Prince 10th ed]).

The record reveals that the line of questioning was not so much why Terry did not voluntarily come forward with the exculpatory evidence, but rather why, during the interview, he provided false information when being asked by the prosecutor if he had any information, exculpatory or otherwise. In our view, the questioning was proper solely on the basis of the inconsistent statement. Furthermore, a proper foundation existed for an inquiry as to Terry's failure to voluntarily come forth with the exculpatory evidence in accordance with the criteria set forth in *People v Dawson* (50 NY2d 311, 321, n 4; *see, People v Jackson*, 214 AD2d 475, 476, *lv denied* 86 NY2d 796), i.e., that Terry was aware of the nature of the charges pending

against defendant; that he recognized that he possessed exculpatory information; that he had a reasonable motive for acting to exonerate defendant; and that he was familiar with the means to make such information available to law enforcement authorities. Because defendant failed to request a limiting instruction to the jury, as discussed in *People v Dawson* (*supra*, at 322-323), County Court did not err in failing to instruct the jury that the witness had no obligation to volunteer exculpatory information to law enforcement authorities (*see, People v Ortiz*, 211 AD2d 559, 560, *lv denied* 85 NY2d 941).

We further find unavailing defendant's contention that the prosecutor, in cross-examining Terry regarding his alleged prior inconsistent statement, presented himself as an unsworn witness. The record reveals that the prosecutor, in asking the witness questions concerning the interview in which the prosecutor had participated, did not impugn the witness by interposing his personal knowledge as fact and he did not express his personal belief or opinion during what we view as straightforward cross-examination (*see, People v Galloway*, 54 NY2d 396; *see also, People v King*, 175 AD2d 266, *lv denied* 79 NY2d 828; *compare, People v Bailey*, 58 NY2d 272, 277-278).

Finally, we also reject defendant's contention that the point-blank range of the shooting is indicative of only a deliberate intent to kill and precludes a finding of recklessness, which is a necessary element of depraved indifference murder under Penal Law § 125.25 (2). Here, the record supports a finding of unconcerned recklessness and imminently dangerous conduct on the part of defendant in pulling and pointing a loaded automatic handgun at decedent following a conversation with decedent (*see, People v Register*, 60 NY2d 270, 274, 279, *cert denied* 466 US 953). Absent a subjective intent to shoot to kill, the circumstances surrounding the shooting in this case evince a recklessness with a depraved indifference to human life (*see, People v Roe*, 74 NY2d 20, 24).

Mercure, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.