■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CASEY STEWART, Appellant. [659 NYS2d 337] —Mercure, J. Appeal from a judgment of the County Court of Schenectady County (Scarano, J.), rendered July 18, 1995, upon verdicts convicting defendant of the crimes of murder in the second degree and grand larceny in the fourth degree.

During the late evening of September 17, 1992, Christian Roedel and defendant, both 16 years of age at the time, caused the death of their foster father by, among other things, repeatedly bludgeoning him with a fireplace poker. At a first joint trial, Roedel was convicted of intentional murder; defendant was acquitted of that charge, but the jury was unable to reach a verdict on a charge of "depraved indifference" murder (Penal Law § 125.25 [2]). At a second trial on the latter charge, defendant recanted his detailed confession, wherein he had acknowledged striking the victim with the poker an estimated 100 times, and Roedel, whose charges had been fully resolved by then, gave testimony essentially negating defendant's involvement in the homicide. A jury nonetheless convicted defendant of murder in the second degree, and he now appeals.

The two circumscribed contentions advanced by defendant lack any palpable merit and we accordingly affirm. Initially, we are not persuaded that County Court abused its discretion in prohibiting defendant from offering evidence of the victim's purportedly aberrant sexual interests (of which, if extant, defendant had no knowledge) for the purpose of establishing Roedel's motivation for committing the murder. As we can best ascertain, defendant's claim is based upon the theory that the jury, faced with opposing evidence as to whether defendant was the primary actor (as established by his confession) or a mere observer (the posture adopted at trial), could more easily resolve that conflict in favor of defendant if made aware of Roedel's possible motivation for striking out against the victim. However, as argued by the People, evidence of Roedel's possible motivation for committing the crime is irrelevant on the issue of whether defendant also participated. We agree with the People that the only discernible purpose for the proffered evidence was to besmirch the reputation of the victim in an effort to persuade the jury that he was a pedophile and as such deserved to die. Accordingly, given the legislative "presumption of irrelevance" of a victim's prior sexual conduct in non-sex offense cases provided by CPL 60.43 (see, Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL

60.43, at 15), we conclude that County Court did not err in prohibiting defendant from offering any evidence tending to establish a sexual relationship between Roedel and the victim (*see, People v Culver,* 192 AD2d 10, 16, *lv denied* 82 NY2d 716; *cf., People v Childs,* 161 Misc 2d 749).

Second, given defendant's admission that he repeatedly struck the victim on the back of the head in order to keep him from "getting up and coming toward [defendant]", we are not at all persuaded that the evidence was not legally sufficient to support the conviction of depraved indifference murder (*see, People v Register,* 60 NY2d 270, 274, 279, *cert denied* 466 US 953; *People v Thompson,* 233 AD2d 755) or that the verdict was against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.