■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMY SPAICH, Appellant. [688 NYS2d 324] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and other crimes. Defendant, who was 17 years old at the time of this incident, admitted to the police that he stabbed his 50-year-old neighbor with a hunting knife after the victim made homosexual advances toward him. At trial, defendant raised the affirmative defense that he acted under the influence of extreme emotional disturbance (*see,* Penal Law § 125.25 [1] [a]).

There is no merit to the contention of defendant that he was

denied his statutory right to be present at several sidebar conferences during jury selection (*see,* CPL 260.20). The record establishes that defense counsel, in the presence of defendant, waived defendant's right to be present at those conferences (*see, People v McDermott,* 244 AD2d 918, 919; *People v Smallwood,* 225 AD2d 713, *lv denied* 88 NY2d 942). Furthermore, defendant did not have a right to be present during the informal questioning of prospective jurors relating only to matters such as physical impairments, family obligations and work commitments (*see, People v Velasco,* 77 NY2d 469, 472-473; *People v Wilson,* 211 AD2d 136, 139, *affd* 88 NY2d 363).

Defendant failed to preserve for our review his contention that County Court erred in refusing to admit into evidence pornographic photographs and videotapes found in the victim's home (*see,* CPL 470.05 [2]). In any event, we conclude that there is no merit to defendant's contention (*cf., People v Stewart,* 240 AD2d 960, *lv denied* 90 NY2d 1014; *see generally, People v Fedora,* 186 AD2d 982, 983, *lv denied* 81 NY2d 762).

The verdict convicting defendant of murder in the second degree is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). The testimony of defendant's expert witness that defendant acted under the influence of extreme emotional disturbance was disputed by the People's expert, and the jury properly decided the issue based upon its evaluation of the expert testimony (*see, People v Roldan,* 64 NY2d 821; *People v Grinan,* 161 AD2d 325, *lv denied* 76 NY2d 857).

Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, DiTullio, J.— Murder, 2nd Degree.) Present—Hayes, J. P., Wisner, Pigott, Jr., Scudder and Callahan, JJ.