THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CAMPBELL, Appellant. [713 NYS2d 432] —Judgment affirmed. Memorandum: Defendant appeals from a judgment convicting him of murder in the second degree (Penal Law § 125.25 [1]) (three counts), attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]), all arising out of four shootings committed in three separate incidents over eight months. Defendant contends that Supreme Court erred in denying his motion to suppress his written statement as elicited in violation of his State constitutional right to counsel (see, NY Const, art I, § 6). He contends that police questioning of defendant as to the then uncharged murders was precluded by the attachment of defendant's right to counsel on the attempted murder/assault. We disagree. The murders were not transactionally related to the attempted murder, and thus the court properly refused to suppress defendant's incriminating statement with regard to the murders (see, People v Cohen, 90 NY2d 632, 638-639; People v White, 244 AD2d 765, 767, lv denied 91 NY2d 1014; People v Gehy, 238 AD2d 354, 355, lv denied 90 NY2d 905; People v Marin, 215 AD2d 267, appeal dismissed 88 NY2d 931). As demonstrated by the foregoing cases, particularly those involving a single victim, the fact that the crimes involved a common motive or intent or a common instrumentality is not dispositive. Although defendant's right to counsel had attached with respect to the attempted murder, questions concerning that charge were not impermissibly intermingled with questions concerning the uncharged matters on which defendant was not represented (see, People v Miller, 54 NY2d 616, 618-619; People v Ermo, 47 NY2d 863, 865; cf., People v Cohen, supra, at 640-642). The evidence at the suppression hearing established that police refrained from questioning defendant about the attempted murder because they were aware that defendant's right to counsel had attached with respect to that charge.

Contrary to defendant's remaining contention, the verdict is not against the weight of the evidence insofar as the jury rejected the defense of extreme emotional disturbance (see, People v Spaich, 259 AD2d 996, 997, lv denied 94 NY2d 829; People v Gabriel, 241 AD2d 835, 836, lv denied 91 NY2d 892; see generally, People v Bleakley, 69 NY2d 490, 495).

All concur, Wisner, J., not participating. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Murder, 2nd Degree.) Present—Green, J. P., Pine, Wisner, Kehoe and Balio, JJ.