■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL BARROW, Also Known as JAMAAL BARROW, Appellant. [796 NYS2d 600]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered June 1, 2001, convicting defendant, after a jury trial, of assault in the first and second degrees, criminal possession of a weapon in the second and third degrees and reckless endangerment in the first degree, and sentencing him to concurrent terms of 10 years, five years, seven years, four years and 2¹/₃ to 7 years, respectively, and order, same court and Justice, entered on or about July 2, 2003, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The eyewitness testimony, coupled with the extensive ballistic evidence, warranted the conclusion that, even if one or more persons other than defendant fired shots during the incident in question, it was defendant who fired the shots that injured the victims.

The court's justification charge, viewed as a whole (*see People v Fields*, 87 NY2d 821 [1995]), conveyed the appropriate principles and adequately explained the concept of duty to retreat as it related to the use of deadly force in defense of another person (*see People v Van Allen*, 216 AD2d 39 [1995], *lv denied* 86 NY2d 804 [1995]).

The court properly exercised its discretion in precluding proffered testimony by defendant in support of his claim that he was not the initial aggressor, since the proposed testimony was devoid of any probative value (*see People v Miller*, 39 NY2d 543 [1976]; *People v Rossakis*, 256 AD2d 366 [1998], *lv denied* 93 NY2d 929 [1999]).

The court properly admitted a prior consistent statement by one of the victims in order to rebut the defense claim of recent fabrication, allegedly motivated by the victim's civil lawsuit (*see e.g. People v Whitley*, 14 AD3d 403, 406 [2005]). The court also properly admitted the statement as an excited utterance (*see People v Johnson*, 1 NY3d 302 [2003]).

The prosecutor did not become an unsworn witness by eliciting testimony about his participation in witness interviews, since he did not express his personal belief or opinion about the witnesses' testimony, and since his conduct was not a material issue in the trial (*see People v Paperno*, 54 NY2d 294, 304 [1981]; *People v Thompson*, 233 AD2d 755, 757 [1996], *lv denied* 89 NY2d 1102 [1997]; *People v King*, 175 AD2d 266 [1991], *lv denied* 79 NY2d 828 [1991]; *compare People v Bailey*, 58 NY2d 272 [1983]).

The challenged portions of the prosecutor's summation did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). The prosecutor did not make an indirect comment on defendant's failure to testify (*see People v Watson*, 188 AD2d 315 [1992], *lv denied* 81 NY2d 849 [1993]), and the challenged remarks constituted fair comment on the evidence, as well as reasonable inferences that could be drawn therefrom, in proper response to the defense summation.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). The record supports the court's finding that the nondiscriminatory reasons provided by the prosecutor for the challenges in question were not pretextual. This finding is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]). Defendant's procedural arguments concerning the court's conduct of the *Batson* proceedings are unpreserved and without merit.

After a thorough hearing, the court properly denied defendant's CPL 440.10 motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). The record supports the court's conclusion that the transactions at issue between defendant and a business enterprise controlled by codefendant Sean Combs, which employed defendant as a recording artist, did not constitute a payment of legal fees by a codefendant so as to create a conflict of interest. The trial record, as supplemented by the extensive record on the motion to vacate judgment, establishes that defendant received effective assis-

tance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). The actions of counsel challenged by defendant on appeal constituted reasonable strategic decisions that did not prejudice defendant or deprive him of a fair trial (*see People v Hobot*, 84 NY2d 1021, 1024 [1995]).

We perceive no basis for reducing the sentence.

Defendant's remaining contentions, including his arguments under the Confrontation Clause and *Brady v Maryland* (373 US 83 [1963]), are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Buckley, P.J., Mazzarelli, Friedman, Marlow and Ellerin, JJ.