■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CASEY STEWART, Appellant. [828 NYS2d 670]—

Mercure, J. Appeal, by permission, from an order of the County Court of Schenectady County (Drago, J.), entered April 11, 2005, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment convicting him of the crimes of murder in the second degree and grand larceny in the second degree and to set aside the sentence, without a hearing.

In 1995, defendant was convicted of depraved indifference murder based upon, among other things, his admission that he repeatedly struck his foster father on the back of the head with a fireplace poker in order to keep him from "getting up and coming toward [defendant]." Upon defendant's 1997 appeal, this Court affirmed the conviction, concluding that it was supported by legally sufficient evidence and not against the weight of the evidence, and the Court of Appeals denied leave to appeal (240 AD2d 960, 961 [1997], *lv denied* 90 NY2d 1014 [1997]).[1] In December 2004, defendant moved pursuant to CPL 440.10 and 440.20 to vacate the judgment of conviction and set aside his sentence in light of the recent Court of Appeals decisions concerning depraved indifference murder in *People v Payne* (3 NY3d 266 [2004]), *People v Gonzalez* (1 NY3d 464 [2004]) and *People v Hafeez* (100 NY2d 253 [2003]). County Court denied the motion and a Justice of this Court granted defendant permission to appeal County Court's ruling. We now affirm.

A motion to vacate a judgment or set aside a sentence must be denied if the issue raised on the motion was previously determined on the merits upon an appeal from the judgment or sentence, "unless since the time of such appellate determination there has been a retroactively effective change in the law controlling such issue" (CPL 440.10 [2] [a]; 440.20 [2]). In light of our prior determination that defendant's conviction was supported by legally sufficient evidence and not against the weight of the evidence (240 AD2d 960, 961 [1997], *supra*), we may grant this CPL article 440 motion, which is based solely upon defendant's argument that the evidence was insufficient to sustain his conviction, only if there has been a retroactive change in the controlling law since 1997.

---

1. The underlying facts are more fully set forth in our prior decision.

Defendant correctly asserts that recent decisions of the Court of Appeals regarding depraved indifference murder make clear that "[a] defendant may be convicted of depraved indifference murder when but a single person is endangered in only a few rare circumstances" (*People v Suarez*, 6 NY3d 202, 212 [2005]). Moreover, as defendant notes, the Court of Appeals expressly overruled its prior decision in *People v Register* (60 NY2d 270 [1983], *cert denied* 466 US 953 [1984])—a case relied upon by this Court in affirming his conviction and by County Court in denying this CPL article 440 motion—and has now held that "depraved indifference to human life is a culpable mental state" (*People v Feingold*, 7 NY3d 288, 294 [2006]; *see Policano v Herbert*, 7 NY3d 588, 595 [2006]). Defendant argues that his conduct must be re-examined in accordance with the Court of Appeals' new rules, which he maintains should be applied retroactively (*see generally People v Favor*, 82 NY2d 254, 265-267 [1993]). Specifically, defendant asserts that because the facts reflected an intent to kill the victim and did not place anyone else in danger, the killing does not fall within the new, limited definition of depraved indifference set forth by the Court of Appeals in the line of cases from *People v Hafeez* (*supra*) to *People v Feingold* (*supra*).

In our view, defendant misconstrues the scope of the change in the law regarding depraved indifference murder.[2] A person is guilty of that crime when "[u]nder circumstances evincing a *depraved indifference to human life*, he [or she] *recklessly* engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person" (Penal Law § 125.25 [2] [emphasis added]). Defendant's arguments *implicate* two separate elements of depraved indifference murder—recklessness and depraved indifference to human life. We address each element in turn, and conclude that defendant is not entitled to relief because there has been no change in the law on recklessness and the change in the law regarding depraved indifference to human life—which would compel a different result if the case were tried today—has been determined not to apply retroactively.

---

**2.** This Court has previously stated that *"People v Payne* (3 NY3d 266 [2004]) did not declare a retroactive change in the law but, rather, applied existing case law" (*People ex rel. Parsons v Walsh*, 21 AD3d 1169, 1169 [2005], *lv denied* 6 NY3d 702 [2005]). As defendant asserts, however, the Court of Appeals has now expressly stated that "the law has changed to such an extent that *People v Register* [*supra*] and *People v Sanchez* [98 NY2d 373 (2002)] should no longer be followed" (*People v Feingold, supra* at 294; *see Policano v Herbert, supra* at 595) and, thus, our statements to the contrary should not be followed.

First, with respect to recklessness, we note that it has long been established that, as the statute states on its face, recklessness is one of the elements of depraved indifference murder (*see Policano v Herbert, supra* at 596). Indeed, it has consistently been the rule that "[f]or the charge of depraved mind murder, which is a '*nonintentional* homicide', what is required is 'recklessness plus aggravating circumstances.' This crime 'is not and never has been considered as a substitute for intentional homicide' " (*People v Gonzalez*, 160 AD2d 502, 504 [1990], *lv denied* 76 NY2d 857 [1990], quoting *People v Roe*, 74 NY2d 20, 24 [1989] and *People v Register, supra* at 278-279; *see People v Gonzalez*, 1 NY3d 464, 468 [2004], *supra*, quoting *People v Gallagher*, 69 NY2d 525, 529 [1987] [concluding that depraved indifference murder was not established where the proof showed a quintessentially intentional crime because "a person cannot act both intentionally and recklessly with respect to the same result. 'The act is either intended or not intended; it cannot simultaneously be both' "]). On recklessness, the law remains unchanged: "it has never been permissible in New York for a jury to convict a defendant of depraved indifference murder where the evidence produced at trial indicated that if the defendant committed the homicide at all, he committed it with the conscious objective of killing the victim" (*Policano v Herbert, supra* at 600 [internal quotation marks and citation omitted]; *see People v Gallagher, supra* at 529; *see generally People v Wall*, 29 NY2d 863, 864 [1971]). The disagreement and consequent change in the law involves the additional element of the crime— "[u]nder circumstances evincing a depraved indifference to human life" (Penal Law § 125.25 [2])—and the instances in which the "circumstantial proof" may permit "a reasonable factfinder [to] infer" that element, "depraved indifference[,] from the[ ] facts" (*People v Feingold*, 7 NY3d 288, 297 [2006], *supra*).

In *People v Register* (60 NY2d 270 [1983], *supra*), as affirmed by *People v Sanchez* (98 NY2d 373 [2002]), the Court of Appeals established an objective definition of the additional element, stating "the requirement of circumstances evincing a depraved indifference to human life . . . focuses not on the subjective intent of the defendant, 'but rather upon an objective assessment of the degree of risk presented by [the] defendant's reckless conduct' " (*People v Sanchez, supra* at 379-380, quoting *People v Register, supra* at 277). Under the rule established in *Register*, " 'recklessness' [was] the *mens rea*, and the only *mens rea*, of the crime" (*People v Register, supra* at 278). Now, by contrast, the Court of Appeals has explicitly overruled *Register* to hold that the additional element, "depraved indifference to human life[,] is a culpable mental state" (*People v Feingold, supra* at 294).

In addition, while the Court stated in *Feingold* that it had overruled "only those depraved indifference . . . cases that rest on the premise that depraved indifference is measured not by a culpable mental state but by an objective assessment of the risk involved" (*id.* at 294 n 2), it has now clarified that two additional hallmarks of *Register* were also rejected in the line of cases from *People v Hafeez* (100 NY2d 253 [2003], *supra*) to *People v Suarez* (6 NY3d 202 [2005], *supra*). First, even where the facts "present[ed] compelling circumstantial evidence of intent to cause death," the question of whether defendant acted intentionally or recklessly at the time of the crime was "a classic matter for the jury"; and second, proof that "a defendant's actions created an almost certain risk of death" was sufficient to establish the additional, objectively defined element of the crime (*Policano v Herbert, supra* at 599-600). That is, the Court has rejected the approach in which "the very facts establishing a risk of death approaching certainty and thus presenting compelling circumstantial evidence of intent—for example, a point-blank shooting of the victim in the head—likewise demonstrated depraved indifference" (*id.* at 601).

Now, in contrast, where both depraved indifference and intentional murder are charged in an accusatory instrument, "trial courts should presume 'that the defendant's conduct falls within only one category of murder and, unless compelling evidence is presented to the contrary, dismiss the count that is least appropriate to the facts' " (*People v Suarez, supra* at 215 [citation omitted]). In particular, "it is now clear that under New York law 'a one-on-one shooting or knifing (or similar killing) can almost never qualify as depraved indifference murder' [and] that '[a] defendant may be convicted of depraved indifference murder when but a single person is endangered in only a few rare circumstances' " (*Policano v Herbert*, 7 NY3d 588, 601 [2006], *supra*, quoting *People v Payne*, 3 NY3d 266, 272 [2004], *supra* and *People v Suarez, supra* at 212). Those circumstances, which are present only where the facts do not evince any intent to kill, are that a defendant (1) *without intent to injure or kill*, abandons a helpless or vulnerable victim in circumstances where there is a high risk of death, and (2) *without intent to kill* but with a conscious objective to harm engages in torture or a prolonged, brutal course of conduct against a particularly vulnerable victim, as well as "a few other extraordinary cases," such as that involving a game of Russian roulette (*People v Suarez, supra* at 212-213).

Defendant's argument herein that his conviction must be reversed turns largely on his assertion that the element of

recklessness was not demonstrated. He argues that he "was guilty of an 'intentional [crime] or no other'" (*People v Gonzalez*, 160 AD2d 502, 504 [1990], *supra*, quoting *People v Wall*, 29 NY2d 863, 864 [1971], *supra*). Similarly, in his brief on direct appeal, defendant cited the 1990 decision in *Gonzalez* to argue that where the record establishes that a defendant is guilty of an intentional homicide, that homicidal act cannot be reckless. Deeming his case "similar[ ]" to the facts presented to the First Department in the *Gonzalez* case, defendant argued—as he does now—that "[t]here was no proof of reckless, nonintentional conduct." In short, defendant now raises the precise issue that we rejected on the merits upon his direct appeal. There has been no change in the controlling law on this issue—i.e., the long-established principles that one cannot simultaneously act intentionally and recklessly, and that a defendant cannot be convicted of depraved indifference murder where the evidence establishes an intentional killing or no other (*see People v Gonzalez*, 160 AD2d 502, 504 [1990], *supra*; *see also Policano v Herbert, supra* at 600; *People v Gallagher*, 69 NY2d 525, 529 [1987], *supra*)—and, thus, his arguments regarding the element of recklessness do not entitle him to relief on this CPL article 440 motion.

To the extent that defendant's arguments address the element on which the law has changed—the recasting of the phrase "depraved indifference to human life" as a culpable mental state and the narrowing of the factual circumstances from which that element may be inferred—we agree that if the change in the law applied, it would compel a different result from that reached on his direct appeal. As noted above, under *People v Register* (60 NY2d 270 [1983], *supra*), both intentional and depraved indifference murder could properly be "submitted to the jury for it to sort out the defendant's state of mind unless there was absolutely no evidence whatsoever that the defendant might have acted unintentionally" (*Policano v Herbert, supra* at 600-601). It cannot be said that there is no evidence in the record that defendant acted unintentionally—according to defendant's confession, upon which the People relied at trial, defendant stated that he wrestled a fireplace poker away from his foster father and struck him with it to prevent him from continuing to attack defendant and another foster sibling. Defendant claimed that initially, he tried to stop a violent altercation between the victim and his foster sibling but the victim picked up the fireplace poker and hit defendant with it before attacking the foster sibling again. Under *Register*, a jury could have determined that defendant's actions, which occurred during a heated argument and after the victim physically attacked

him, were "sudden, spontaneous and not well-designed to cause *imminent* death" (*People v Sanchez*, 98 NY2d 373, 377 [2002], *supra* [emphasis added]). Indeed, although the victim later died as a result of defendant striking him with the fireplace poker, defendant and his foster sibling did not believe that defendant had killed the victim and it was the foster sibling who superficially cut the victim's throat in an attempt to ensure his death. Moreover, in contrast to the rule more recently adopted by the Court of Appeals, "[t]hat . . . defendant's acts virtually guaranteed the victim's death did not, in and of itself, preclude a guilty verdict on a theory of depraved indifference. To the contrary . . . [such evidence] demonstrated depraved indifference" (*Policano v Herbert*, 7 NY3d 588, 601 [2006], *supra*). Thus, under *Register*, the facts herein presented a close question on the depraved indifference murder charge, which was properly submitted to the jury to decide.

The same evidence, however, would preclude a finding of depraved indifference as currently defined if the case were tried today. The facts here simply do not constitute one of the "few rare circumstances" enumerated above in which depraved indifference will be found in a one-on-one killing (*id.* at 601 [citation and internal quotation marks omitted]). Nevertheless, defendant is not entitled to relief on this CPL article 440 motion because the Court of Appeals has expressly concluded that its recent case law addressing depraved indifference does not apply retroactively (*see id.* at 603-604). Applying the three factors set forth in *People v Pepper* (53 NY2d 213, 220 [1981], *cert denied* 454 US 967 [1981]), the Court reiterated its determination that defendants convicted of depraved indifference murder are " 'not attractive candidates for collateral relief' " and, thus, concluded that "nonretroactivity poses no danger of a miscarriage of justice" (*Policano v Herbert, supra* at 604, quoting *People v Suarez*, 6 NY3d 202, 217-218 [2005], *supra* [G.B. Smith, Rosenblatt and R.S. Smith, JJ., concurring]). The Court further explained that the purpose of the new rule is to make future homicide prosecutions more sustainable, that the old rule had been relied upon to a great extent and that retroactive application would flood the courts with CPL 440.10 motions, such as this one (*see Policano v Herbert, supra* at 604). Under the Court of Appeals decision in *Policano* then, even if the evidence adduced at trial was not legally sufficient to establish the element of "depraved indifference to human life" under Penal Law § 125.25 (2), as it is currently interpreted, the case law setting forth the new interpretation does not apply retroactively (*cf. People v Hill*, 85 NY2d 256, 263 [1995]). Accordingly, inasmuch as the Court of Appeals has instructed us that the change in the

law regarding depraved indifference is not retroactive, we must affirm the denial of defendant's CPL article 440 motion (*see* CPL 440.10 [2] [a]; 440.20 [2]).

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed.

