■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON THOMPSON, Appellant. [852 NYS2d 412]—

---

Cardona, P.J. Appeal, by permission, from an order of the County Court of Schenectady County (Giardino, J.), entered August 11, 2006, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of murder in the second degree, without a hearing.

In 1992, defendant was convicted of depraved indifference

murder in the second degree and sentenced to nine years to life in prison. This Court affirmed that conviction in 1996 (233 AD2d 755 [1996], *lv denied* 89 NY2d 1102 [1997]). In 2006, County Court denied defendant's second CPL 440.10 motion to vacate the judgment of conviction. A Justice of this Court granted defendant permission to appeal from that ruling.

Defendant contends that his conviction should be vacated because the evidence presented at trial concerning his one-on-one shooting of the victim does not fall within the new, more limited definition of depraved indifference murder enunciated in recent Court of Appeals decisions (*see People v Suarez*, 6 NY3d 202 [2005]; *People v Payne*, 3 NY3d 266 [2004]; *People v Gonzalez*, 1 NY3d 464 [2004]). Specifically, he argues that the evidence evinces neither recklessness nor a depraved indifference to human life.

This case is notably similar to *People v Stewart* (36 AD3d 1156 [2007], *lv denied* 8 NY3d 991 [2007]), wherein we distinguished between the elements of recklessness and depraved indifference to human life as those terms apply to Penal Law § 125.25 (2).* Regarding the element of recklessness, we explained that the controlling law remains unchanged (*id.* at 1159-1161; *see Policano v Herbert*, 7 NY3d 588, 603 [2006]); regarding the element of depraved indifference to human life, we observed that the law has changed, however, the Court of Appeals has determined that the change is not to be applied retroactively "even if the evidence adduced at trial was not legally sufficient to establish the element of 'depraved indifference to human life' under Penal Law § 125.25 (2), as it is currently interpreted" (*People v Stewart*, 36 AD3d at 1162; *see Policano v Herbert*, 7 NY3d at 603-604).

Significantly, a motion to vacate a judgment must be denied if the issue raised on the motion was previously determined on the merits upon an appeal from the judgment "unless since the time of such appellate determination there has been a retroactively effective change in the law controlling such issue" (CPL 440.10 [2] [a]). As applied here, with respect to defendant's argument on the element of recklessness, we explicitly decided on his direct appeal the issue he now raises; specifically, we "reject[ed] defendant's contention that the point-blank range of the shooting is indicative of only a deliberate intent to kill and

* Penal Law § 125.25 (2) provides that a person is guilty of second degree depraved indifference murder when "[u]nder circumstances evincing a *depraved indifference to human life*, he [or she] *recklessly* engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person" (emphasis added).

precludes a finding of recklessness" (*People v Thompson*, 233 AD2d at 757). Consequently, since there has been no change in the controlling law on this element, his present argument is not a basis for CPL article 440 relief (*see* CPL 440.10 [2] [a]). Nor is defendant entitled to such relief based upon his contention that his conduct does not satisfy the element of depraved indifference to human life as it is now construed, as that change in the law has explicitly been determined not to be retroactive (*see* CPL 440.10 [2] [a]; *Policano v Herbert*, 7 NY3d at 603-604). Defendant's argument that this Court should disregard the Court of Appeals' rulings in that regard and construe that Court's line of depraved indifference cases as merely clarifying existing law, rather than changing the law, is unpersuasive (*see People v Feingold*, 7 NY3d 288, 294 [2006]; *Policano v Herbert*, 7 NY3d at 601-603).

Defendant's remaining arguments, set forth in his pro se brief, have been considered and found to be without merit.

Peters, Carpinello, Rose and Malone Jr., JJ., concur. Ordered that the order is affirmed.