OPINION OF THE COURT
Spain, J.
In 2000, defendant was convicted following a nonjury trial of depraved indifference murder under Penal Law § 125.25 (4) based upon evidence that, after giving birth unassisted at home in the Village of Altamont, Albany County in March 1997, she put her newborn baby in a plastic bag, which she later placed in a dumpster. On appeal, this Court affirmed the conviction concluding, among other things, that the evidence was legally sufficient, but reduced the sentence, in the interest of justice, to 15 years to life in prison (299 AD2d 584 [2002]). The Court of Appeals denied leave to appeal on March 12, 2003 (99 NY2d 632 [2003]), and her conviction became final 90 days later, on June 10, 2003, when her time expired for filing a petition for a writ of certiorari in the United States Supreme Court (see Policano v Herbert, 7 NY3d 588, 593 [2006]; see also Clay v United States, 537 US 522, 527 [2003]).[1]
By notice of motion dated April 3, 2006, defendant moved to vacate her judgment of conviction pursuant to CPL 440.10 claiming that it was obtained in violation of her due process rights, again challenging the legal sufficiency of the evidence, and seeking retroactive application of the Court of Appeals’ decision in People v Suarez (6 NY3d 202 [2005]). Supreme Court issued a written decision denying the motion, without a hearing, on the strength of Policano v Herbert (supra). This Court granted defendant permission to appeal from that order and we now affirm, finding no merit to any of defendant’s contentions.
Defendant argues that her conviction must be vacated because the evidence at trial was legally insufficient to sustain her conviction of depraved indifference murder in the second degree, as that crime was—after her conviction became final—refined in part by the Court of Appeals. In a series of decisions, the Court established new law governing depraved indifference murder, beginning in June 2003 (see People v Hafeez, 100 NY2d 253 [2003]) and culminating in 2006 with People v Feingold (7 NY3d *118 288 [2006]), which expressly overruled People v Register (60 NY2d 270 [1983], cert denied 466 US 953 [1984]) and People v Sanchez (98 NY2d 373 [2002]). The evolution of this jurisprudence has been summarized in detail in prior decisions (see People v Baptiste, 51 AD3d 184 [2008], lv denied 10 NY3d 932 [2008]; see also Policano v Herbert, 7 NY3d 588 [2006], supra). In particular, defendant seeks retroactive application of depraved indifference murder law as articulated in 2005 in People v Suarez (6 NY3d 202 [2005], supra) to the extent that it departed from People v Register (60 NY2d at 276) and “ma[de] clear that the additional requirement of depraved indifference has meaning independent of the gravity of the risk” (People v Suarez, 6 NY3d at 215). At the time of defendant’s 2000 trial, throughout her direct appeal and until the time her conviction became final, the controlling case law provided, by contrast, that the phrase “under circumstances evincing a depraved indifference to human life” constituted a “factual setting” in which the risk-creating conduct occurred, focusing “upon an objective assessment of the degree of risk presented by defendant’s reckless conduct” (People v Register, 60 NY2d at 277; accord People v Sanchez, 98 NY2d at 379-380; see Policano v Herbert, 7 NY3d at 597).[2]
A motion to vacate a judgment of conviction must be denied if the “issue raised upon the motion was previously determined on the merits upon an appeal from the judgment, unless since the time of such appellate determination there has been a retroactively effective change in the law controlling such issue” *119 (CPL 440.10 [2] [a]). Given that this Court previously, on defendant’s direct appeal, determined that the evidence was legally sufficient (299 AD2d at 592-593), the very issue now being raised in this collateral attack, this CPL article 440 motion must be denied unless there has been a retroactive change in the controlling law since our prior determination (see People v Baptiste, 51 AD3d at 186; People v Thompson, 48 AD3d 883, 884-885 [2008], lv denied 10 NY3d 965 [2008]; People v Stewart, 36 AD3d 1156, 1157 [2007], lv denied 8 NY3d 991 [2007]).
In Policano v Herbert (7 NY3d at 602-604), in answering certified questions in a habeas corpus proceeding, the Court of Appeals unequivocally ruled that the post-Sanchez changes in depraved indifference murder jurisprudence—which occurred between 2003 and 2006—do not apply, as here, to cases in which judgments of conviction became final prior thereto. In reaching this conclusion, the Court applied the common-law retroactivity factors set forth in People v Pepper (53 NY2d 213, 220 [1981], cert denied 454 US 967 [1981]). Subsequently, in People v Baptiste (supra), this Court resolved the question left open by Policano of precisely when the law changed. We held that “the law changed on October 19, 2004, when the Court [of Appeals] decided People v Payne (3 NY3d 266 [2004])” (People v Baptiste, 51 AD3d at 185); since the defendant’s conviction in Baptiste became final prior to the Court’s decision in Payne, the new rules did not apply to him and his CPL 440.10 motion was properly denied, without a hearing (see People v Baptiste, 51 AD3d at 195).[3]
Supreme Court correctly ruled that, under Policano, none of the post-Sanchez changes in depraved indifference murder standards apply retroactively to this defendant, whose conviction became final prior to those changes (see People v Thompson, 48 AD3d at 884-885; People v Stewart, 36 AD3d at 1162; accord People v DiGuglielmo, 75 AD3d 206, 211 [2d Dept 2010]). The defense’s efforts to distinguish Policano are entirely unpersuasive. Like defendant herein, David Policano committed his crime in 1997, his conviction became final before the changes in the law even began, and “Register states the correct interpretation of the law of New York with respect to the elements of depraved *120 indifference murder on the date defendant’s conviction became final” (Policano v Herbert, 7 NY3d at 602). Furthermore, any doubt that Policano is dispositive in this collateral challenge is dispelled by People v Jean-Baptiste (11 NY3d 539, 543 [2008]), in which the Court unambiguously recapped Policano’s holding “that the existing [i.e., new] law should not be applied on collateral review to defendants whose convictions became final prior to our new interpretation of the law of depraved indifference murder” (emphasis added). The Court could not have been more clear.
We find no support for defendant’s contention that the statutory language in CPL 440.10 (2) (a)—which precludes collateral review of points previously determined on appeal except where there has been a “retroactively effective change in the law controlling such issue”—has a meaning independent of and greater than under common-law retroactivity principles. It is for the courts, ultimately the Court of Appeals, to determine whether and to what extent a new state judicial precedent operates retroactively, employing well-established common-law principles (see People v Pepper, 53 NY2d at 220; see e.g. People v Jean-Baptiste, 11 NY3d at 542-543; Policano v Herbert, 7 NY3d at 603). Notwithstanding defendant’s efforts to formulate novel issues under the new depraved indifference standards, and to distinguish her collateral attack from others so as to obtain piecemeal retroactivity, retroactivity is precluded.
As made clear in Policano, given the circumscribed purposes of the new mies, “nonretroactivity [here] poses no danger of a miscarriage of justice” (Policano v Herbert, 7 NY3d at 604) and is premised upon “underlying considerations of finality” (People v Favor, 82 NY2d 254, 261 n 2 [1993]). Affording retroactivity to defendant “would mean that every defendant to whose case it was relevant, no matter how remote in time and merit, would become [a] beneficiary” (People v Pepper, 53 NY2d at 222; see Policano v Herbert, 7 NY3d at 604; accord People v Jean-Baptiste, 11 NY3d at 543), a decidedly untenable result.
Likewise, defendant has not demonstrated that federal constitutional principles require retroactive application here (see Bousley v United States, 523 US 614, 621 [1998]; Teague v Lane, 489 US 288, 310-312 [1989]; Desist v United States, 394 US 244, 262-263 [1969]; People v Eastman, 85 NY2d 265, 275 [1995]). As defendant has failed to cite any authority for the proposition that state courts are required to retroactively apply new state judicial formulations of the elements of a criminal *121 statute that are adopted after convictions are final, we reject this claim.
Finally, defendant’s argument that in affirming her conviction on direct appeal this Court employed a deficient standard of review is patently meritless. We explicitly concluded that “[a]ddressing defendant’s claim that the evidence was legally insufficient, we view the evidence in the light most favorable to the prosecution . . . and find that there was a valid line of reasoning and permissible inferences from which the trier of fact could have found defendant guilty of depraved mind murder” (299 AD2d at 593 [citations omitted]). Our reliance upon People v Bleakley (69 NY2d 490, 495 [1987]) and People v Contes (60 NY2d 620, 621 [1983]) dispels any question that we determined that the People had proven all of the elements of this crime beyond a reasonable doubt, notwithstanding that we did not parrot all aspects of the legal sufficiency review standards and analysis. Defendant is not entitled, in this collateral proceeding, to reargue legal sufficiency claims considered and rejected on her direct appeal, under then-controlling precedents. Defendant’s challenge to Penal Law § 125.25 (4) as unconstitutionally vague as applied to her was not raised before Supreme Court, is unpreserved for our review and, further, lacks merit (see People v Cole, 85 NY2d 990, 992 [1995]).
Defendant’s remaining contentions have been considered and found unpersuasive.
Cardona, EJ., Feters, McCarthy and Egan Jr., JJ., concur.
Ordered that the order is affirmed.

. The time to file a petition for writ of certiorari under Supreme Court Rule 13 (3) “runs from the date of entry of the judgment or order sought to be reviewed” (Clay v United States, 537 US at 527 [emphasis added]). Thus, defendant’s application to the Court of Appeals for reconsideration, which was denied in August 2003 (100 NY2d 599 [2003]), did not extend the time in which to petition for certiorari.

. Defendant was convicted of depraved indifference murder of a child under Penal Law § 125.25 (4), which provides that “[ujnder circumstances evincing a depraved indifference to human life, and being [18] years old or more the defendant recklessly engages in conduct which creates a grave risk of serious physical injury or death to another person less than [11] years old and thereby causes the death of such person.” Subdivision (4) differs from depraved indifference murder under Penal Law § 125.25 (2) in that it applies only to an adult killing a child and when the person as to whom the defendant created the risk is that child, and the risk created by the defendant’s conduct may be of death or the lesser serious physical injury (see People v Manos, 73 AD3d 1333 [2010]; People v Heslop, 48 AD3d 190 [2007], Iv denied 10 NY3d 935 [2008]). While the new standards of depraved indifference murder were formulated in cases involving convictions under subdivision (2), since the pertinent statutory language in issue is the same in both subdivisions (2) and (4), i.e., “[u]nder circumstances evincing a depraved indifference to human life,” the Court of Appeals’ formulation of new standards governing that language and its retroactivity are equally applicable here.

. The Court of Appeals has not directly addressed the issue left open in Policano. Applying the Pepper retroactivity test, the Court has held that the new depraved indifference standard applies to cases pending on direct appeal where defense counsel specifically moved for a trial order of dismissal on this ground (see People v Jean-Baptiste, 11 NY3d 539, 543-544 [2008]).