THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT PARKS, Appellant. [925 NYS2d 468]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered October 13, 2009, convicting defendant, after a jury trial, of two counts of assault in the second degree, and sentencing him to an aggregate term of six months, concurrent with five years' probation, unanimously affirmed.

The court properly exercised its discretion in precluding testimony purporting to show that the complainant threatened defendant several hours before the incident. It was within the court's discretion to preclude this evidence as too speculative or

conjectural to be presented to the jury (*see e.g. People v Martinez,* 177 AD2d 600, 601 [1991], *lv denied* 79 NY2d 829 [1991]). Furthermore, even if the jury could have interpreted the cryptic remark as a threat, there was no evidence that defendant knew about it. Where, as here, a defendant asserts a justification defense, a threat made by the alleged victim against the defendant may be relevant to the issue of who was the initial aggressor, even if the defendant was unaware of the threat (*People v Miller,* 39 NY2d 543, 549 [1976]). However, here the People conceded that the complainant may have been the initial aggressor and argued that defendant was unjustified in the amount of force he used. Therefore, the evidence of a possible threat had little or no probative value (*see People v Barrow,* 19 AD3d 189 [2005], *lv denied* 6 NY3d 809 [2006]).

The court also properly exercised its discretion in precluding defendant from calling a witness to testify as to his own unrelated, violent encounter with the complainant. The court permitted defendant to testify as to his own knowledge of any violent acts by the complainant, including the act he wanted to establish by calling a witness. The court correctly determined that the proposed witness's testimony would have been cumulative, of little probative value, and an unnecessary distraction (*see People v Levy,* 186 AD2d 66, 67 [1992], *lv denied* 80 NY2d 975 [1992]).

The court's limitations on defendant's use of certain hospital records related to another of the complainant's violent encounters were proper exercises of discretion. We note that defendant received a sufficient opportunity to inform the jury of the complainant's aggressive tendencies.

In any event, any error with respect to the any of the above-discussed evidentiary rulings was harmless (*see People v Crimmins,* 36 NY2d 230, 241-242 [1975]). There was overwhelming evidence that, regardless of who was the initial aggressor, defendant used excessive force against the complainant. The excluded evidence had little or no bearing on the principal issue in the case, which was whether the degree of force used by defendant was justified.

Defendant's challenges to the constitutionality of the court's evidentiary rulings are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

Defendant's complaints about the court's instructions on interested witnesses and witness credibility are unpreserved (*see People v Whalen,* 59 NY2d 273, 280 [1983]), and we decline to review them in the interest of justice. As an alternative hold-

ing, we would find that viewed as whole, the court's charge was sufficient, under the circumstances of the case, to guide the jury in making credibility assessments (*see People v Francisco*, 44 AD3d 870, 871 [2007], *lv denied* 9 NY3d 1033 [2008]).

Defendant failed to preserve his complaints about the court's justification charge, and we decline to review them in the interest of justice. As an alternative holding, we find that viewed as a whole, the justification charge conveyed the appropriate legal principles to the jury (*see generally People v Fields*, 87 NY2d 821 [1995]). Concur—Andrias, J.P., Friedman, Sweeny, Renwick and Román, JJ.