Matter of Combs v Superintendent of Fin. Servs. of the State of N.Y. as Ancillary Receiver for Reliance Ins. Co. (2019 NY Slip Op 00214)





Matter of Combs v Superintendent of Fin. Servs. of the State of N.Y. as Ancillary Receiver for Reliance Ins. Co.


2019 NY Slip Op 00214


Decided on January 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2019

Friedman, J.P., Gische, Oing, Singh, Moulton, JJ.


8068 405987/01

[*1]In re Sean Combs, Claimant-Respondent,
v
Superintendent of Financial Services of the State of New York as Ancillary Receiver for Reliance Insurance Company, Ancillary Receiver-Appellant.


Simpson Thacher & Bartlett LLP, New York (Andrew T. Frankel of counsel), for appellant.
Jonathan D. Davis, P.C., New York (Derek A. Williams of counsel), for respondent.



Judgment, Supreme Court, New York County (Lisa A. Sokoloff, J.), entered September 19, 2017, awarding claimant (Combs) the amount paid in settlement of certain claims, plus interest, against Reliance Insurance Company in Ancillary Receivership, unanimously affirmed, without costs.
The Receiver breached its duty to defend when it disclaimed coverage for Combs in a personal injury action brought against him by three individuals who were injured in a 1999 shooting at a nightclub on the ground that no valid covered claims against Combs remained in the action (see Servidone Constr. Corp. v Security Ins. Co. of Hartford, 64 NY2d 419, 423-424 [1985]); see also Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311-312 [1984]). Claims for respondeat superior and negligent hiring, retention and supervision were asserted by two of the plaintiffs in the underlying action and survived summary judgment.
Having breached its contractual duty to defend Combs in the personal injury action, and having conceded that the settlement with the injured parties was reasonable, the Receiver failed to meet its burden of establishing that it is not obligated to indemnify Combs for the amounts paid in settlement (see Servidone, 64 NY2d at 424-425). Contrary to the Receiver's contention, the evidence it presented is inconclusive as to whether Combs employed the person convicted of shooting the three people (see People v Barrow, 19 AD3d 189 [1st Dept 2005], lv denied 6 NY3d 809 [2006]), and therefore fails to demonstrate that Combs could not be subject to liability on the injured plaintiffs' claims for negligent hiring, retention and supervision, even if the respondeat superior claims are found to be excluded from coverage.
We have considered the Receiver's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 10, 2019
CLERK