■ In the Matter of DEBORAH STAMPFLER, Appellant, v DAVID SNOW, Respondent. [735 NYS2d 255] —Crew III, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered January 24, 2000, which, in a proceeding pursuant to Family Court Act article 6, sua sponte, found petitioner in criminal contempt for failure to obey the provisions of a prior custody order.

In June 1999, petitioner and respondent consented to the issuance of a custody order governing their minor child. Pursuant to the terms of such order, the parties were awarded joint custody and petitioner was directed to, inter alia, "follow the recommendations regarding drug and/or alcohol treatment made by the Champlain Valley Family Center" which, in turn, included remaining drug and alcohol free for at least three consecutive months before completing her treatment.

In September 1999, Family Court received a letter, apparently forwarded by petitioner's probation supervisor, indicating that petitioner had tested positive for marihuana in four of the six urine screens conducted between June 1999 and August 1999. Shortly thereafter, Family Court, sua sponte, issued an order to show cause directing petitioner to appear and show cause why she should not be found to be in contempt of the prior custody order. Petitioner moved to dismiss the matter or, in the alternative, for Family Court to recuse itself. Family Court eventually dismissed the order to show cause, without prejudice, upon the ground that petitioner was not personally served.

Thereafter, in January 2000, Family Court issued a second order to show cause seeking to have petitioner held in criminal contempt pursuant to Judiciary Law § 750 (A) (3). Family Court also applied for two judicial subpoenas duces tecum seeking the records maintained by the Champlain Valley Family Center and the laboratory that conducted petitioner's urinalysis. Various motions ensued and, ultimately, Family Court, inter alia, denied petitioner's motion to quash the subpoenas and her application for Family Court to recuse itself. The matter proceeded to a hearing, at the conclusion of which Family Court found petitioner guilty of criminal contempt and sentenced petitioner to 72 hours in the Clinton County Jail. This appeal by petitioner followed.

Preliminarily, we note that the mere fact that petitioner has served her sentence does not render this matter moot (*see, Matter of Bickwid v Deutsch*, 87 NY2d 862, 863). Turning to the merits, we agree that Family Court should have recused itself from this matter and that its failure to do so warrants reversal. Absent a legal disqualification under Judiciary Law § 14, which is not at issue here, a trial judge is the sole arbiter of recusal and his or her decision in that regard will not be overturned absent an abuse of discretion (*see, People v Moreno*, 70 NY2d 403, 405-406). "Recusal, as a matter of due process, is required only where there exists a direct, personal, substantial or pecuniary interest in reaching a particular conclusion * * *, or where a clash in judicial roles is seen to exist * * *" (*People v Alomar*, 93 NY2d 239, 246 [citations omitted]). Even in circumstances where recusal is not mandated, however, a trial judge nonetheless must take steps to ensure that his or her conduct does not create even the appearance of impropriety (*see*, 22 NYCRR 100.2; *see also, Matter of Wiggins*, 218 AD2d 904).

Here, Family Court initiated the underlying contempt proceeding, applied for the subpoenas duces tecum, ruled upon petitioner's respective motions to quash and dismiss, questioned the only witness to testify at the hearing, ruled upon counsel's objections thereto, acted as the trier of fact at the contempt hearing and sentenced petitioner to serve 72 hours in the local jail. In our view, Family Court's decision to serve as complainant, prosecutor, trial judge and sentencing court brought about a clear "clash in judicial roles" (*People v Alomar, supra*, at 246) and, as such, recusal was warranted. At the very least, Family Court's actions created the appearance of impropriety and, under the circumstances of this case, we deem it to be an abuse of discretion for Family Court to fail to recuse itself after issuing the order to show cause.

Mercure, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion for recusal granted, and finding of contempt expunged.