■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD W. WRIGHT, Appellant. [747 NYS2d 397] —Mugglin, J.

When this matter was initially before us, we reversed the judgment of conviction holding that the stop of defendant's vehicle was pretextual and, thus, lacked probable cause. The case has been remitted to us as a result of the Court of Appeals' decision reinstating the judgment of conviction, finding that the stop of defendant's vehicle was lawful and not pretextual.

As limited by defendant's brief, there is only one outstanding issue to be resolved. Defendant contends that he was denied the effective assistance of counsel, claiming that his attorney failed to make discovery demands to request certain evidentiary hearings, to exercise peremptory challenges against patently biased jurors and to make appropriate and proper objections throughout the trial. A defendant's constitutional right to the effective assistance of counsel is satisfied when the evidence, the law and the circumstances of the case, viewed in their totality and as of the time of representation, reveal that the defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147). In order to demonstrate the absence of meaningful representation, the defendant's claim must be premised on more than " 'simple disagreement with [the trial] strategies and tactics' " adopted by his or her attorney (*People v Mateo*, 252 AD2d 821, 821, *lv denied* 92 NY2d 927, quoting *People v Rivera*, 71 NY2d 705, 708-709). After careful examination of each area to which defendant points as supporting his claim of ineffective assistance of counsel, we are convinced that defendant's contention is meritless. The "effective assistance of counsel does not require perfect representation" (*People v Driscoll*, 251 AD2d 759, 761, *lv denied* 92 NY2d 896). Objective evaluation of the attorney's performance at trial reveals reasonable competence, well within constitutional parameters, which did not prejudice defendant or in any way deprive him of a fair trial (*see People v Benevento*, 91 NY2d 708; *People v Satterfield*, 66 NY2d 796).

Crew III, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.