■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN SAUNDERS, Appellant. [753 NYS2d 620] —Cardona, P.J. Appeal, by permission, from an order of the County Court of Albany County (Breslin, J.), entered June 4, 2001, which, inter alia, denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of kidnapping in the first degree (two counts), kidnapping in the second degree, assault in the second degree, escape in the second degree, endangering the welfare of a child (two counts) and unlawful imprisonment in the first degree, without a hearing.

In July 1995, defendant was convicted of various crimes as a result of an August 1994 incident in which he held his 15-year-old former girlfriend and their eight-month-old daughter at knife-point in the girlfriend's apartment during a 15-hour standoff with correction officials and the police, after walking away from a prison work detail. During that incident, defendant threatened to kill the victim and, inter alia, inflicted nine superficial knife wounds about her left shoulder. On direct appeal, we modified defendant's sentence, but otherwise affirmed the judgment of conviction (261 AD2d 718) and the Court of Appeals denied defendant's motion for leave to appeal (94 NY2d

829). Thereafter, defendant, represented by appellate counsel, moved pursuant to CPL 440.10 and 440.20 to vacate the judgment of conviction or, in the alternative, to set aside the sentence. County Court denied the motion without a hearing and this Court granted permission to appeal.

Initially, we note that "the purpose of a CPL article 440 motion 'is to inform a court of facts not reflected in the record and unknown at the time of the judgment * * *. By its very nature, the procedure cannot be used as a vehicle for an additional appeal'" (*People v Berezansky*, 229 AD2d 768, 771, *lv denied* 89 NY2d 919, quoting *People v Donovon*, 107 AD2d 433, 443, *lv denied* 65 NY2d 694; *see People v La Mountain*, 288 AD2d 503, 504, *lv denied* 98 NY2d 731; *see also People v Cooks*, 67 NY2d 100, 103). As relevant here, the denial of a CPL 440.10 motion is mandated by paragraphs (a) and (c) of subdivision (2) of that section when:

"(a) The ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment * * *; or * * *

"(c) Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's * * * unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him."

Since the issue of whether defendant was denied his right to testify before the grand jury (*see* CPL 190.50 [5]) was previously raised on the direct appeal from his judgment of conviction, and found lacking in merit by this Court, it is not subject to review under CPL 440.10 (2) (a).

As for defendant's contention that his rights against compulsory self-incrimination, to due process, fair trial and the effective assistance of counsel were violated when the prosecution was permitted to call Albany County Judge Thomas A. Breslin to testify in its case-in-chief to establish his prior conviction for attempted criminal sale of a controlled substance in the third degree,[1] we note that, on his direct appeal, defendant also challenged the propriety of that testimony, arguing

---

1. To prove escape in the second degree, it was necessary for the prosecution to establish defendant's custodial status at the time of the commission of the incidents charged in the indictment (*see* Penal Law § 205.10). Similarly, to prove criminal possession of a weapon in the third degree, the prosecution was required to establish defendant's prior conviction of a crime (*see* Penal Law § 265.02 [1]). Because defense counsel refused to stipulate to defendant's

that it exceeded what was necessary to prove his prior conviction. He asserted it was only necessary to introduce a certificate of the prior conviction. Defendant argued that he was prejudiced by the testimony and, as a result, deprived of a fair trial. In our view, the present arguments should have been raised on his direct appeal as sufficient facts appear in the trial record to have permitted adequate review of these issues, however, defendant failed to raise them at that time (*see* CPL 440.10 [2] [c]). Accordingly, we find these issues not subject to review in the CPL 440.10 motion (*see* CPL 440.10 [2] [c]; *People v Hickey*, 277 AD2d 511, *lv denied* 95 NY2d 964). In any event, even if these issues were properly before us, we would conclude that they lack merit.

Addressing defendant's contention that Judge Breslin should have recused himself from deciding defendant's subsequent CPL article 440 motion because he was a witness in the underlying trial, we find the argument unpersuasive. The record does not support a finding that any of the express statutory disqualifications set forth in Judiciary Law § 14 are applicable.[2] "Absent a legal disqualification under Judiciary Law § 14, * * * a trial judge is the sole arbiter of recusal and his or her decision in that regard will not be overturned absent an abuse of discretion" (*Matter of Stampfler v Snow*, 290 AD2d 595, 596 [citation omitted]; *see People v Moreno*, 70 NY2d 403, 405-406). Furthermore, "[r]ecusal, as a matter of due process, is required only where there exists a direct, personal, substantial or pecuniary interest in reaching a particular conclusion, or where a clash in judicial roles is seen to exist" (*People v Alomar*, 93 NY2d 239, 246 [citation omitted]; *see Matter of Stampfler v Snow*, *supra* at 596). No such interest on the part of Judge Breslin exists herein. Nor do we find that his judicial role "conflicted impermissibly with the notion of fundamental fairness" (*People v Alomar*, *supra* at 246; *compare Matter of Stampfler v Snow*, *supra* at 596 [where it was held that "Family Court's decision to serve as complainant, prosecutor, trial judge and sentencing court brought about a clear 'clash in judicial

---

prior criminal conviction for attempted criminal sale of a controlled substance in the third degree, the prosecution was required to prove that element as a part of its case-in-chief (*see* CPL 200.60 [3] [b]) and did so, through the testimony of Judge Breslin, who presided over the plea and sentencing which resulted in that conviction.

2. Judiciary Law § 14 provides, in relevant part, that "[a] judge shall not sit as such in, or take any part in the decision of, an action, claim, matter, motion or proceeding to which he is a party, or in which he has been attorney or counsel, or in which he is interested, or if he is related by consanguinity or affinity to any party to the controversy within the sixth degree."

roles' "]). Therefore, recusal as a matter of due process was not required. While it may be argued that Judge Breslin should have recused himself to avoid any appearance of partiality (*see* 22 NYCRR 100.3 [E] [1] [b] [iii]), such an error, if indeed there was one, does not warrant reversal and a new trial under the circumstances of this case (*see People v Rieman*, 144 AD2d 110).

Defendant also argues that County Court erred when it failed to vacate the judgment of conviction or hold a hearing based upon newly discovered evidence in the form of a postjudgment affidavit from the victim indicating that her grand jury testimony was procured under prosecutorial threats. As for the claim that a hearing should have been held, we find the written submissions and record sufficient to permit a decision without a hearing (*see People v Satterfield*, 66 NY2d 796; *People v Sides*, 242 AD2d 750, *lv denied* 91 NY2d 836). Moreover, the victim's postjudgment affidavit merely impeaches or contradicts her former testimony and amounts to a recantation, which we have held is insufficient, by itself, to set aside a judgment of conviction (*see People v Stamps*, 268 AD2d 886, *lv denied* 94 NY2d 925; *People v Sides, supra*; *People v Brown*, 126 AD2d 898, *lv denied* 70 NY2d 703). Therefore, we find the arguments unpersuasive.

Next, we find no merit to defendant's claim that counsel was ineffective because he failed to consult with his client on more occasions, interview the victim, pursue the CPL 190.50 violation of his client's right to testify before the grand jury, investigate mitigating evidence, and consult with defendant between verdict and sentence. Even if deemed to be true, we find the allegations, premised largely on a disagreement with defense counsel's tactics and strategies (*see People v Rivera*, 71 NY2d 705, 708-709; *People v Baldi*, 54 NY2d 137, 146; *People v Wright*, 297 AD2d 875), inadequate to establish that counsel's conduct rose to the level of ineffective assistance, particularly when viewed in the context of the totality of the circumstances of the representation provided at the trial level (*see People v Baldi, supra* at 147; *People v Wright, supra* at 875). Based upon our review, we conclude that defendant received meaningful representation, which satisfied his constitutional right to the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712; *People v Baldi, supra* at 147; *People v Wright, supra* at 875).

Accordingly, we find County Court properly denied defendant's CPL article 440 motion to set aside the judgment and sentence.

Mercure, Spain and Kane, JJ., concur. Ordered that the order is affirmed.

