Spain, J.
Appeal from that part of an order of the Supreme Court (Catena, J.), entered February 4, 2008 in Montgomery County, which denied plaintiffs motion for recusal.
Plaintiff commenced this action against defendant alleging abuse of process, and defendant answered and moved to dismiss for failure to state a cause of action. While that motion was pending, plaintiff requested that Supreme Court recuse itself, contending that Justice Felix J. Catena was a material witness in the underlying action. Supreme Court granted defendant’s motion to dismiss and denied plaintiff’s motion for recusal, prompting this appeal.
Plaintiff, as so limited by his notice of appeal and brief, argues that Supreme Court abused its discretion in denying his motion for recusal. We cannot agree. Absent a legal disqualification under Judiciary Law § 14, which is not at issue here, a trial judge is the sole arbiter of recusal and his or her decision, which lies “within the personal conscience of the court” (People v Moreno, 70 NY2d 403, 405 [1987]), will not be disturbed absent an abuse of discretion (see People v Oehler, 52 AD3d 955, 956-957 [2008]; People v Saunders, 301 AD2d 869, 871 [2003], lv denied 100 NY2d 542 [2003]; Matter of Stampfler v Snow, 290 AD2d 595, 596 [2002]). Moreover, “[r]ecusal, as a matter of due process, is required only where there exists a direct, personal, substantial or pecuniary interest in reaching a particular conclusion, or where a clash in judicial roles is seen to exist” (People v Alomar, 93 NY2d 239, 246 [1999]). No such showing has been made here. Inasmuch as plaintiff has failed to articulate a basis upon which to set aside Supreme Court’s discretionary determination in this regard (see Matter of Greenfield, 53 AD3d 488, *927 488 [2008]; cf. Matter of Stampfler v Snow, 290 AD2d at 596), we affirm.
Cardona, EJ., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, without costs.