■ In the Matter of KEAGHN Y., a Child Alleged to be Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HEAVEN Z., Appellant. [921 NYS2d 737]—

Kavanagh, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered October 5, 2010, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected.

Respondent, in May 2009, consented to a finding being entered that she was unable to care for her son (born in 1996) and, as a result, an order was issued awarding legal and physical custody of the child to his stepfather.[1] One year later, after being hospitalized in a mental health unit, the child was diagnosed with post-traumatic stress and mood disorders and found to be at high risk of sexually assaulting younger children. The child, with respondent's consent, was subsequently placed in the custody of petitioner after the stepfather was no longer willing to care for him (see Family Ct Act § 1027) and was enrolled in a residential treatment facility.

Shortly thereafter, petitioner commenced this Family Ct Act article 10 proceeding alleging that the child had been neglected because, among other things, respondent had allowed him to be exposed to domestic abuse.[2] Upon the consent of respondent and the stepfather, Family Court ordered that the child's placement with petitioner be continued (see Family Ct Act § 1027) and, after respondent admitted certain allegations made in the petition, entered a finding of neglect. After a combined dispositional and permanency hearing (see Family Ct Act art 10-A), an order was entered continuing the child's placement with petitioner, but provided that respondent have unsupervised visitation with the child on one day during the week, which could not occur on a Saturday or Sunday, while he resided at the residential facility. Also, the court issued an order of protection directing respondent to stay away from the child except when authorized by the visitation schedule and directed that she submit to random drug tests. Respondent now appeals.

Respondent initially claims that Family Court's dispositional order and its determination that the child remain in petitioner's custody is not in the child's best interests (see Matter of Kaleb

1. Respondent has other children who are not involved in this proceeding.
2. A Family Ct Act article 10 petition brought against the stepfather has been withdrawn.

*U. [Heather V.—Ryan U.]*, 77 AD3d 1097, 1099-1100 [2010]; *Matter of Elijah Q.*, 36 AD3d 974, 976 [2007], *lv denied* 8 NY3d 809 [2007]; *Matter of Alaina E.*, 33 AD3d 1084, 1087 [2006]). We disagree. This order was issued after it had been established at the hearing that, on nine separate occasions, reports had been filed against respondent charging her with neglect and child abuse, all of which were subsequently found to be indicated. In addition, respondent continues to reside with her husband, who is barred by an order of protection from having any contact with her other children because of his persistent and chronic abuse of alcohol and drugs. We also note that the child, by all accounts, appears to be thriving in the residential setting where he has been placed by petitioner and is responding positively to treatment and counseling. This record, in our view, establishes that Family Court's determination to continue placement of the child with petitioner is supported by a sound and substantial basis in the record and is in his best interests (*see Matter of Brandon DD. [Jessica EE.]*, 74 AD3d 1435, 1437 [2010]; *Matter of Elijah Q.*, 36 AD3d at 976; *Matter of Michael V.*, 279 AD2d 668, 669 [2001], *lv denied* 96 NY2d 709 [2001]).[3]

We do agree with respondent that the limitations imposed by Family Court on her visits with the child are not warranted and not in the child's best interests. In that regard, the child's therapist testified that increased contact between the child and respondent would benefit the child and is in his long-term interests. In fact, all involved in this proceeding, including petitioner, now agree with respondent's request that the restrictions on visitation imposed by Family Court—and in particular its decision to limit respondent to one visit per week—be lifted. As a result, we are of the view that the court's dispositional order should be modified to allow respondent more contact with the child to add visitation on Saturday of each week.

Finally, respondent argues that Family Court, by becoming intimately involved in the examination of witnesses who testified at the hearing and by issuing, on its own accord, a subpoena calling for the production of certain records, demonstrated that is was biased against her and did not provide her with a fair hearing. Family Court, on its own motion, issued an order directing that the child's school records be produced and that an expert who it appointed to review these records advise the court on the child's educational needs. While such a practice, coupled with the court's involvement in the examination of the witnesses who testified at the hearing, may, in some circumstances,

---

**3.** We reach this result even though petitioner now supports respondent's request that the child be returned to his home.

present legitimate questions regarding the court's impartiality (*see Matter of Blaize F. [Christopher F.]*, 74 AD3d 1454, 1454-1455 [2010]; *Matter of Stampfler v Snow*, 290 AD2d 595, 596 [2002]), we note that neither party opposed the court's decision to issue the subpoena or objected to its questioning of witnesses and, therefore, such a challenge has not been preserved for our review (*see Matter of Borggreen v Borggreen*, 13 AD3d 756, 757 [2004]; *compare Matter of Stampfler v Snow*, 290 AD2d at 596).[4] Moreover, the records that were requested were clearly relevant to the issues raised at this hearing and were sought for a benign purpose of determining the legitimate educational needs of the child (*see* Family Ct Act § 1089 [d] [2] [v]; *compare Matter of Blaize F. [Christopher F.]*, 74 AD3d at 1454-1455; *Matter of Stampfler v Snow*, 290 AD2d at 596).

Mercure, J.P., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as limited respondent's visitation with the child to one day per week; respondent's visitation shall be extended to allow for additional visitation by respondent with the child on Saturdays at the residential facility where the child resides; and, as so modified, affirmed.

 ---

**4.** This finding should not be interpreted as an approval by this Court of the practices employed by Family Court in this proceeding (*see Matter of Blaize F. [Christopher F.]*, 74 AD3d at 1455; *Matter of Stampfler v Snow*, 290 AD2d at 596).