■ In the Matter of KYLE FF., Alleged to be a Juvenile Delinquent. VAN CROCKETT, as Assistant County Attorney for Clinton County, Respondent; KYLE FF., Appellant. [926 NYS2d 196]—

Egan Jr., J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered September 28, 2010, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

In August 2010, respondent (born in 1995) appeared in Family Court and admitted to committing acts that, if committed by an adult, would constitute the crime of criminal mischief in the fourth degree. At the dispositional hearing that followed, the parties stipulated to the admission of the predispositional report, which recommended, among other things, that respondent be placed on probation for two years subject to various special conditions. Although the parties asked that Family Court accept that recommendation and indicated that they intended to offer no further proof in this regard, Family Court called as its own witness the author of the report and questioned her extensively regarding respondent's prior admission to the local hospital's mental health unit and a subsequent mental health evaluation conducted by the Northeast Parent & Child Society. In response to this testimony, Family Court then indicated that it would not close the proof until it obtained the corresponding records for respondent's admission/evaluation and stated its intent to issue subpoenas to that effect. Following additional discussion, Family Court agreed to accept the discharge summary from respondent's hospital admission and closed the proof. Thereafter, relying almost exclusively upon proof that it elicited, Family Court ordered that respondent be placed with the Office of Children and Family Services until August 31, 2011. This appeal by respondent ensued.

The crux of respondent's argument on appeal is that Family Court improperly assumed a prosecutorial role by eliciting testimonial and documentary evidence at the dispositional hearing. Although respondent did not object when Family Court called the author of the predispositional report as a witness and, further, stipulated to the admission of the discharge summary, thereby rendering this issue unpreserved for our review (see Matter of Keaghn Y., 84 AD3d 1478, 1479-1480 [2011]), we

nevertheless exercise our discretion and reverse Family Court's order (*see Matter of Jacqulin M.*, 83 AD3d 844, 844 [2011]; *Matter of Yadiel Roque C.*, 17 AD3d 1168, 1169 [2005]).

To be sure, Family Court is vested with the discretion to call witnesses, including the author of the predispositional report (*see* Family Ct Act § 350.4 [2]), and may assume "a more active role in the presentation of evidence in order to clarify a confusing issue or to avoid misleading the trier of fact" (*People v Arnold*, 98 NY2d 63, 67 [2002]). However, "[t]he overarching principle restraining the court's discretion [in this regard] is that it is the function of the judge to protect the record at trial, not to make it" (*id.* at 67), and the court must take care to avoid assuming "the function or appearance of an advocate" (*Matter of Yadiel Roque C.*, 17 AD3d at 1169 [internal quotation marks and citations omitted]).

Here, even though the parties agreed with the recommendation made by the Probation Department, Family Court called and extensively questioned the author of the predispositional report, secured the production of additional documentary evidence and then, according essentially no weight to the underlying recommendation and the parties' expressed wishes, crafted a disposition based almost entirely upon proof that it elicited—a practice with which this Court previously has expressed its disapproval (*see Matter of Keaghn Y.*, 84 AD3d at 1479-1480; *Matter of Blaize F. [Christopher F.]*, 74 AD3d 1454, 1455 [2010]; *Matter of Stampfler v Snow*, 290 AD2d 595, 596 [2002]). Accordingly, Family Court's order is reversed and, as respondent's placement has not yet expired, this matter is remitted for a new dispositional hearing to be held forthwith. In light of this conclusion, we need not reach respondent's remaining argument.

Peters, J.P., Spain, McCarthy and Garry, JJ., concur. Ordered that the order is reversed, on the facts, without costs, and matter remitted to the Family Court of Clinton County for further proceedings not inconsistent with this Court's decision before a different judge.