Kavanagh, J.
Following a jury trial, defendant was convicted of burglary in the second and third degrees, possession of burglar’s tools, criminal mischief in the fourth degree (two counts), petit larceny and criminal possession of stolen property in the fourth degree (two counts). After this Court affirmed the judgment on direct appeal (People v Bruno, 63 AD3d 1297 [2009], lv denied 13 NY3d 858 [2009]), defendant moved pursuant to CPL 440.10 to vacate the judgment alleging that County Court erred when it ordered that he be placed in a leg brace during his trial and that he was deprived of the effective assistance of counsel when counsel failed to object to the leg brace and did not move to suppress certain evidence. County Court denied the motion without a hearing and defendant now appeals with permission of this Court.
“[T]he purpose of a CPL article 440 motion ‘is to inform a court of facts not reflected in the record and unknown at the time of the judgment. . . [and] . . . cannot be used as a vehicle *987 for an additional appeal’ ” (People v Berezansky, 229 AD2d 768, 771 [1996], lv denied 89 NY2d 919 [1996], quoting People v Donovon, 107 AD2d 433, 443 [1985], lv denied 65 NY2d 694 [1985]; accord People v Saunders, 301 AD2d 869, 870 [2003], lv denied 100 NY2d 542 [2003]). Such a motion must be denied when “sufficient facts appear on the record of the proceedings underlying the judgment” that would have permitted on direct appeal an “adequate review of the ground or issue raised upon the motion, [and] no such appellate review or determination occurred owing to the defendant’s . . . failure to raise such ground or issue upon an appeal actually perfected by him [or her]” (CPL 440.10 [2] [c]). Here, sufficient facts appear in the record before County Court to have permitted a review on direct appeal of defendant’s claim that he did not receive the effective assistance of counsel and that County Court committed reversible error by requiring him to wear a leg brace at his trial. Since defendant failed to raise these issues during his direct appeal, they are not the proper subject of a CPL article 440 motion (see CPL 440.10 [2] [c]; People v Stevens, 95 AD3d 1451, 1453 [2012]; People v Polanco, 52 AD3d 947, 947 [2008], lv denied 11 NY3d 793 [2008]; People v Saunders, 301 AD2d at 871). As such, County Court’s denial of his motion without a hearing is affirmed.
Mercure, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed.