■ In the Matter of GLORIA DD. and Another, Neglected Children. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BRENDA DD., Appellant. (And Another Related Proceeding.) [952 NYS2d 785]—

Kavanagh, J.

Respondent is the mother of a daughter and son (born in 2000 and 2001, respectively). In May 2008, upon a petition filed by petitioner, the children were found to have been neglected as a result of being exposed to respondent's tumultuous and, at

times, violent relationship with her boyfriend.* A second petition filed in January 2010 resulted in a finding that respondent had neglected the children because she failed to adequately provide for their education and continued her relationship with her boyfriend despite the adverse effect it was having on the children. Pursuant to this order, which was entered on consent, respondent, among other things, was required to allow petitioner's caseworkers full and unlimited access to the children, and she was obligated to participate in counseling. It also required her to follow recommendations made for the children by a child psychologist, insure that they attended school and directed that she not allow any other person to reside in the family home with the children.

Two months later, another petition was filed requesting that the children be temporarily removed from respondent's care because she had willfully violated the terms of this order. Specifically, respondent was charged with continuing her relationship with the boyfriend, failing to insure that the children attended school and not responsibly addressing their nutritional needs. By order to show cause dated March 15, 2010, Family Court placed the children with petitioner and, after a fact-finding hearing, found that respondent had willfully violated material terms of this order. A dispositional hearing was subsequently held and Family Court ordered petitioner to continue to care for the children, directed respondent to remain under petitioner's supervision, and required that her visits with the children be supervised. Respondent now appeals.

Respondent initially argues that petitioner failed to establish at the hearing that keeping the children in petitioner's custody was in their best interests. Once a parent has been found to have willfully and without justification violated an order of supervision, Family Court may "revoke the order of supervision . . . and enter any order that might have been made at the time the order of supervision . . . was made" (Family Ct Act § 1072 [a]; see §§ 1052 [a] [iii]; 1055 [a] [i]). "The dispositional order must reflect a resolution consistent with the best interests of the children after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record" (*Matter of Alaina E.*, 33 AD3d 1084, 1087 [2006] [citations omitted]; *accord Matter of Kaleb U. [Heather V.—Ryan U.]*, 77 AD3d 1097, 1099-1100 [2010]; *see Matter of Xiomara D. [Madelyn D.]*, 96 AD3d 1239, 1242 [2012]). Here,

---

* This petition also charged respondent's boyfriend with neglect and resulted in an order of protection being issued on consent barring him from having any contact with the children until they turned 18.

Family Court concluded that the children would be at risk if returned to respondent because of her ongoing relationship with the boyfriend and her failure to appreciate the adverse effect it was having on them. In addition, the court noted respondent's failure to meet certain treatment goals in connection with her mental health counseling and the progress the children had made while in petitioner's care. These findings enjoy a sound and substantial basis in the record and provide ample support for Family Court's decision to continue the children's placement with petitioner (see Matter of Xiomara D. [Madelyn D.], 96 AD3d at 1242; Matter of Keaghn Y. [Heaven Z.], 84 AD3d 1478, 1478-1479 [2011]; Matter of Kenneth QQ. [Jodi QQ.], 77 AD3d 1223, 1224-1225 [2010]).

Respondent also claims that Family Court erred by admitting into evidence the contents of a report filed with the Child Protective Services hotline alleging that the children had been abused while in foster care. As relevant here, Social Services Law § 422 provides that "[r]eports made pursuant to this title . . . shall be confidential and shall only be made available to . . . a court, upon a finding that the information in the record is necessary for the determination of an issue before the court" (Social Services Law § 422 [4] [A] [e]). While such a finding was not expressly made by the court prior to admitting the report, a caseworker had already testified without objection that respondent's daughter, when informed of the report, claimed that the allegations of abuse were not true. The daughter also stated to the caseworker that she believed respondent was responsible for filing it. As such, the report, and the circumstances under which it was made, were relevant on the issue as to whether respondent filed it knowing that the allegations were false and, as a result, she had engaged in conduct that was clearly not in the children's best interests.

Finally, respondent claims that the attorney for the children did not provide them with meaningful assistance of counsel. We disagree. An attorney for a child must "zealously advocate the child's position" (22 NYCRR 7.2 [d]) and, if the child is "capable of knowing, voluntary and considered judgment," must follow the child's wishes "even if the attorney for the child believes that what the child wants is not in the child's best interests" (22 NYCRR 7.2 [d] [2]; see Matter of Mark T. v Joyanna U., 64 AD3d 1092, 1093-1094 [2009]). On multiple occasions throughout these proceedings, the attorney for the children repeatedly communicated to Family Court that the children wished to be reunited with respondent. She also visited with the children on numerous occasions to discuss with them issues raised during

these proceedings, including their ability to visit with their grandparents and their father and determine their position as to how these issues should be resolved. In total, the record demonstrates that the children received meaningful representation.

Mercure, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.