■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAY CARTER, Appellant. [963 NYS2d 419]—

Stein, J. Appeal, by permission, from an order of the County Court of Schenectady County (Drago, J.), entered April 20, 2012, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of burglary in the second degree, without a hearing.

In June 2005, defendant was convicted, after a jury trial, of burglary in the second degree and was sentenced, as a second felony offender, to a prison term of 15 years followed by five years of postrelease supervision. Upon defendant's appeal, this Court affirmed the judgment of conviction (50 AD3d 1318 [2008]), and the Court of Appeals denied leave to appeal (10 NY3d 957 [2008]).* In July 2008, defendant moved to vacate the judgment and/or set aside the sentence and, in an October 2008 order, County Court summarily denied the motion. This Court then denied defendant's application for permission to appeal from that order. Defendant filed another CPL article 440 motion in December 2011, seeking to vacate the judgment of conviction, which County Court also denied in an April 2012 order, without a hearing. Upon permission of this Court, defendant now appeals from such order.

We affirm. A court must deny a motion to vacate a judgment of conviction where "[t]he ground or issue raised . . . was previously determined on the merits upon an appeal from the judgment, unless since the time of such appellate determination there has been a retroactively effective change in the law controlling such issue" (CPL 440.10 [2] [a]; see People v Sayles, 17 AD3d 924, 924 [2005], lv denied 5 NY3d 794 [2005]; People v Lindsey, 302 AD2d 128, 130 n 1 [2003], lv denied 100 NY2d 583 [2003]). The majority of defendant's claims on this appeal involve matters that were raised and decided upon his direct appeal from the judgment of conviction. Specifically, defendant raises multiple instances of alleged prosecutorial misconduct

* Defendant's petition for federal habeas corpus relief was also denied in January 2011.

during the trial—which he categorizes as improper denigration, improper burden shifting, improper appeals to juror sympathy and other improper comments—all of which were raised in the direct appeal from his conviction and found to be without merit (50 AD3d at 1323). Defendant's assertions that he was not afforded the effective assistance of counsel and that he was denied a fair trial by limitations placed on his testimony by County Court were also raised in his direct appeal and rejected by this Court (*id.*). While defendant claims that these issues were not "adequately developed" in the prior appeal, we note that a CPL article 440 motion "cannot be used as a vehicle for an additional appeal" (*People v Bruno*, 97 AD3d 986, 986-987 [2012], *lv denied* 20 NY3d 931 [2012] [internal quotation marks and citations omitted]; *see People v Saunders*, 301 AD2d 869, 870 [2003], *lv denied* 100 NY2d 542 [2003]). Given that these issues have been determined on the merits and there has been no retroactive change in the controlling law, County Court properly denied defendant's motion as it related to these claims (*see People v Strawbridge*, 76 AD3d 115, 118-119 [2010], *lv denied* 15 NY3d 895 [2010]; *People v Thompson*, 48 AD3d 883, 885 [2008], *lv denied* 10 NY3d 965 [2008]).

A motion to vacate a judgment of conviction must also be denied when the trial record contains sufficient facts that would have allowed for "adequate review of the ground or issue raised . . . [but] no such appellate review or determination occurred owing to the defendant's . . . unjustifiable failure to raise such ground or issue upon an appeal actually perfected" (CPL 440.10 [2] [c]; *see People v Cuadrado*, 9 NY3d 362, 364-365 [2007]). Inasmuch as defendant's remaining claims of alleged prosecutorial misconduct and ineffective assistance of counsel could have been raised on the direct appeal, but were not, and defendant does not present any justifiable basis for his failure to raise them (*see People v Hillriegel*, 78 AD3d 1381, 1382 [2010]; *compare People v Hoffler*, 74 AD3d 1632, 1634 [2010], *lv denied* 17 NY3d 859 [2011]), County Court properly denied defendant's motion as to such claims without a hearing (*see* CPL 440.10 [2] [c]; *People v Polanco*, 52 AD3d 947, 947 [2008], *lv denied* 11 NY3d 793 [2008]; *People v Lindsey*, 302 AD2d at 130; *People v Hickey*, 277 AD2d 511, 511 [2000], *lv denied* 95 NY2d 964 [2000]).

Nor do we discern any error in County Court's summary denial of that part of defendant's motion that was based upon his claim of newly discovered evidence. As relevant here, "[t]o justify vacatur under CPL 440.10 (1) (g), the newly discovered evidence 'must . . . be such as will probably change the result if

a new trial is granted . . . [and] be material to the issue' " (*People v Lackey*, 48 AD3d 982, 983 [2008], *lv denied* 10 NY3d 936 [2008], quoting *People v Priori*, 164 NY 459, 472 [1900]). A hearing is not necessary when the court can "adequately review the matter based upon the contents of the record and the motion papers" (*People v Loomis*, 256 AD2d 808, 808 [1998], *lv denied* 93 NY2d 854 [1999]; *see* CPL 440.30 [1] [a]).

Here, defendant retained a private investigator who, in June 2010, attempted to speak with two of the jurors from his trial. The private investigator submitted an affidavit memorializing her conversation with one of the jurors, in which she alleged that this juror made various disparaging comments about defendant, such as calling him a "bad guy" who had been a "bad egg for his whole life." Defendant suggests that these statements contradict the juror's responses during voir dire, which indicated that she was not familiar with defendant and demonstrate that she was a biased juror (*see generally People v Pugh*, 107 AD2d 521, 532-533 [1985], *lv denied* 65 NY2d 985 [1985], 67 NY2d 764 [1986]). However, in our view, defendant's purely speculative interpretation of these statements is insufficient to warrant a hearing. The statements do nothing more than indicate that, five years after she heard defendant's trial testimony—which included some development of his criminal history—this juror has formed the opinion that defendant had a criminal history. Given that defendant's motion papers and the trial record failed to demonstrate that this evidence was material to any issue at trial or that a hearing would have produced material nonrecord facts that would have entitled defendant to relief (*see People v Satterfield*, 66 NY2d 796, 799 [1985]; *People v Terry*, 44 AD3d 1157, 1159 [2007], *lv denied* 10 NY3d 772 [2008]; *People v Saunders*, 301 AD2d at 872), we conclude that County Court properly denied the motion on this basis without a hearing.

To the extent not specifically addressed herein, defendant's remaining claims have been reviewed and found to be without merit.

Rose, J.P., Lahtinen and Egan Jr., JJ., concur. Ordered that the order is affirmed.