(April 24, 2014)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY BECKINGHAM, Appellant. [984 NYS2d 240]—

Rose, J. Appeals by permission, (1) from an order of the County Court of Otsego County (Burns, J.), entered July 21, 2011, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of man-

slaughter in the first degree, without a hearing, and (2) from an order of said court, entered September 26, 2011, which denied defendant's motion for reconsideration.

Following a jury trial, defendant was convicted of manslaughter in the first degree in connection with his wife's death. The People established that the victim died as a result of injuries that she sustained after a physical attack. Defendant, who was the last person to see her alive, admitted that he and the victim had engaged in a physical altercation after he found her talking on the phone with a former paramour. According to defendant, however, his physical attack consisted only of hitting the victim twice on the head with a hairbrush and throwing a phone at her. In his defense, he presented expert testimony that the elevated levels of alcohol and prescription medication found in the victim's system at the time of her death were lethal, and that the majority of the victim's physical injuries, consisting of 12 fractured ribs and a lacerated liver, were the result of the improper performance of CPR after she had died of a drug and alcohol overdose.

We affirmed the judgment of conviction on direct appeal, finding, among other things, that the verdict was based on legally sufficient evidence and not against the weight of the evidence. We also found that a jailhouse informant's recantation of his testimony was insufficient to require a new trial (57 AD3d 1098 [2008], *lv denied* 13 NY3d 742 [2009]). Defendant thereafter moved to vacate the judgment pursuant to CPL 440.10, and County Court summarily denied the motion, together with defendant's subsequent motion to renew. With our permission, defendant now appeals from both orders.

Defendant's claim that new evidence establishes that he was actually innocent was properly denied by County Court. All of defendant's arguments supporting his claim that he was actually innocent were fully explored at trial and rejected by the jury. Simply stated, none of the evidence relied upon in support of his claim of actual innocence is new, and his contention that the jury improperly accepted the People's explanation for the cause of death has already been reviewed and determined on the direct appeal (*see* CPL 440.10 [2] [a]; *People v Carter*, 105 AD3d 1149, 1149-1150 [2013]; *People v Strawbridge*, 76 AD3d 115, 118-119 [2010], *lv denied* 15 NY3d 895 [2010]; *People v Thompson*, 48 AD3d 883, 884-885 [2008], *lv denied* 10 NY3d 965 [2008]; *compare People v Hamilton*, 115 AD3d 12, 17 [2014] [where key witnesses were either not available or prevented from testifying at trial]).

Similarly, defendant's claim of prosecutorial misconduct in

connection with the jailhouse informant's recantation was also previously decided against defendant. Specifically, defendant's contentions that the People threatened the informant with a lengthy prison sentence and failed to disclose that the informant had been provided a benefit for his testimony were raised and rejected as part of the posttrial motion and on direct appeal (*see* CPL 440.10 [2] [a]; *People v Carter*, 105 AD3d at 1149-1150).

County Court also properly denied defendant's contention that he received the ineffective assistance of counsel. Each of defendant's arguments with respect to counsel's preparation of the defense expert, cross-examination of the People's expert and the jailhouse informant, use of the victim's medical records and the handling of the motion to set aside the verdict are merely hindsight disagreements with tactics and do not reflect that counsel's acts or omissions prejudiced defendant's right to a fair trial (*see People v Schulz*, 4 NY3d 521, 530-531 [2005]; *People v Rivera*, 71 NY2d 705, 708-709 [1988]; *People v Saunders*, 301 AD2d 869, 872 [2003], *lv denied* 100 NY2d 542 [2003]). Defendant's expert was familiar with the autopsy report prepared by the People's expert and directly contradicted the People's theory that the laceration of the victim's liver was caused by blunt force trauma as opposed to improperly performed CPR. Defense counsel elicited testimony from defendant's expert that the condition of the liver and internal bleeding were post mortem, thus presenting a clear dispute for the jury's resolution. Further, defendant's present claim that counsel failed to use the victim's medical records to establish her prior mental health issues and abuse of prescription drugs is belied by the trial record, which reflects that these issues were repeatedly raised before the jury. Moreover, counsel's failure to introduce the medical records into evidence reflects a reasonable strategy, given that some of the records refer to the victim's "abusive marriage." Viewed in the context of the totality of the circumstances of the representation provided, defense counsel pursued a legitimate theory of the case, presented testimony from a renowned expert in support of that theory, made appropriate motions at all stages of the trial, vigorously challenged the People's proof and cannot be considered ineffective (*see People v Jabaut*, 111 AD3d 1140, 1146 [2013], *lv denied* 11 NY3d 1139 [2014]; *People v Shuaib*, 111 AD3d 1055, 1057-1058 [2013]; *People v Rosado*, 13 AD3d 902, 904 [2004], *lv denied* 4 NY3d 835 [2005]).

We must agree with defendant, however, that a hearing is required on the issue of jury tampering. Defendant supported his motion on that ground with an affidavit from the son of a

sheriff's deputy assigned to the courthouse who claimed that, while the trial was occurring, he witnessed his father state in the presence of a juror, the deputy's mother-in-law, that he knew defendant "was guilty from day one." Contrary to County Court's conclusion that the affidavit cannot be considered because it is hearsay, it contains material, "sworn allegations substantiating or tending to substantiate all the essential facts" that would entitle defendant to relief (CPL 440.30 [4] [b]; *see People v Satterfield*, 66 NY2d 796, 799 [1985]; *People v Hennessey*, 111 AD3d 1166, 1168 [2013]; *see also Parker v Gladden*, 385 US 363, 364-365 [1966]). Although the People submitted sworn affidavits from the deputy and the juror denying the allegation, they reflect the existence of a factual dispute that should be resolved at a hearing (*see* CPL 440.30 [5]; *People v Hennessey*, 111 AD3d at 1169; *People v Davey*, 91 AD3d 1033, 1033 [2012]). Accordingly, we remit for that purpose. To the extent that defendant's motion to renew was based upon additional affidavits concerning this issue of jury tampering, it is also remitted for a hearing.

Peters, P.J., Garry and Egan Jr., JJ., concur. Ordered that the orders are reversed, on the law, and matter remitted to the County Court of Otsego County for further proceedings not inconsistent with this Court's decision.