People v Dorsey (2019 NY Slip Op 01852)





People v Dorsey


2019 NY Slip Op 01852


Decided on March 14, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 14, 2019

108063

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RASHOD DORSEY, Appellant.

Calendar Date: January 9, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Rumsey, JJ.


Craig S. Leeds, Albany, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeals (1) from a judgment of the Supreme Court (Breslin, J.), rendered April 28, 2015 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree, and (2) by permission, from an order of said court, entered October 28, 2015 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant and Hassan Riddick were each charged by indictment with attempted murder in the second degree, attempted assault in the first degree, assault in the second degree and two counts of criminal possession of a weapon in the second degree based on allegations that defendant tossed a handgun to Riddick, who fired six shots at the victim, who was doing yard work at the time. The victim was struck by one bullet and was transported to the hospital for treatment. Defendant moved to, among other things, suppress a photo array on the basis that it was unduly suggestive. After conducting a Wade hearing, Supreme Court denied defendant's motion. Defendant thereafter pleaded guilty to a reduced charge of attempted criminal possession of a weapon in the second degree in satisfaction of the five-count indictment and waived his right to appeal.
Defendant subsequently moved to withdraw his guilty plea based on newly discovered evidence, consisting of a notarized letter from the victim recanting his prior statements implicating defendant in the charged crimes. Supreme Court denied the motion and sentenced defendant, as a second felony offender, to the agreed-upon prison term of five years followed by five years of postrelease supervision. Following sentencing, defendant filed a pro se CPL 440.10 motion to vacate the judgment of conviction based on the victim's recantation. Supreme Court denied the motion without a hearing, finding that the record was sufficient to permit review of defendant's claim on direct appeal. Defendant appeals from the judgment of conviction and, by permission, from the postjudgment order.
Defendant's unchallenged appeal waiver precludes his challenges to the factual sufficiency of his plea (see People v Welden, 156 AD3d 1241, 1241 [2017]; People v Robinson, 155 AD3d 1252, 1253 [2017], lv denied 30 NY3d 1119 [2018]) and to Supreme Court's adverse suppression ruling (see People v Sanders, 25 NY3d 337, 348 [2015]; People v Kemp, 94 NY2d 831, 833 [1999]; People v Zippo, 136 AD3d 1222, 1222 [2016], lv denied 27 NY3d 1141 [2016]). Although defendant's ineffective assistance of counsel claim survives his appeal waiver to the extent that it impacts the voluntariness of his plea, it is unpreserved for review in the absence of a postallocution motion based on said ground (see People v Muller, 166 AD3d 1240, 1241 [2018]; People v Edwards, 160 AD3d 1280, 1280 [2018], lv denied 31 NY3d 1147 [2018]).
We are unpersuaded by defendant's further contention that Supreme Court erred in denying his motion to withdraw his guilty plea without a hearing. "The nature and extent of the fact-finding procedures necessary to decide a motion to withdraw a guilty plea rest within the discretion of the trial court, and only in the rare instance will a defendant be entitled to an evidentiary hearing" (People v Riddick, 136 AD3d 1124, 1124 [2016] [internal quotation marks, brackets and citations omitted], lv denied 27 NY3d 1154 [2016]). The basis for defendant's motion was the notarized letter in which the victim recanted his statements regarding defendant's involvement in the crimes charged. We note that the codefendant raised the same argument on a prior appeal based on the same letter that defendant submitted in this case, and, for the reasons set forth in our decision in the prior appeal, we conclude that Supreme Court properly denied defendant's motion to withdraw without conducting a hearing (id.).
Defendant's challenge to the sentence as harsh and excessive is also precluded by his appeal waiver (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Gorman, 165 AD3d 1349, 1349 [2018], lv denied 32 NY3d 1125 [2018]). Finally, Supreme Court properly denied defendant's CPL 440.10 motion without a hearing. At the time of the motion, the judgment was appealable or pending on appeal, and the record was sufficient to permit adequate review of defendant's claim of innocence, based on the victim's recantation letter, on direct appeal (see CPL 440.10 [2] [b]; People v Bruno, 97 AD3d 986, 986-987 [2012], lv denied 20 NY3d 931 [2012]; People v Saunders, 301 AD2d 869, 870 [2003], lv denied 100 NY2d 542 [2003]).
Egan Jr., J.P., Clark, Mulvey and Devine, JJ., concur.
ORDERED that the judgment and order are affirmed.